# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 08/20/2019 12:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk
19STCV28760



# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COUNTY OF LOS ANGELES, a California municipal entity
Additional Parties Attachment Form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL HERRING, an individual.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br>~~XXXXXXXXXXXXXXXXXXXX~~ 312 NORTH SPRING STREET<br>Los Angeles, CA 90012    LOS ANGELES, CA 90012<br>SPRING STREET COURTHOUSE | CASE NUMBER:<br>*(Número del Caso):*<br>19STCV28760 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Randy H. McMurray, Esq., 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017; Tel: (323) 931-6200

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 08/20/2019 | Clerk, by<br>*(Secretario)* | Sherri R. Carter Executive Officer / Clerk of Court<br>Della Ramos | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* County of Los Angeles, a California Municipal entity
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP416.50 Public Entity
4. ☒ by personal delivery on *(date):* 9-11-20 19

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Herring v. County of Los Angeles, et al. | 19STCV28760 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

LOS ANGELES COUNTY SHERIFF--MEN'S CENTRAL JAIL, a Public Entity; OFFICER RAMERIZ, an individual; SERGEANT DURAN, an individual; DEPUTY MARTIN, B, an individual; and DOES 1-30, inclusive.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Case 2:19-cv-08775-GW-KS Document 1-1 Filed 10/11/19 Page 4 of 118 Page ID #:10
Electronically FILED by Superior Court of California, County of Los Angeles on 08/16/2019 06:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
19STCV28760

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Stephen Goorvitch

1  Randy H. McMurray, Esq. (SBN 126888)
   Email: rmcmurray@law-mh.com
2  Yana G. Henriks, Esq. (SBN 250638)
   Email: yhenriks@law-mh.com
3  **MCMURRAY HENRIKS, LLP**
   811 Wilshire Blvd., Suite 1640
4  Los Angeles, California 90017
5  Telephone: (323) 931-6200
   Facsimile: (323) 931-9521
6
   Attorneys for Plaintiff, MICHAEL HERRING
7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10          **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11  | MICHAEL HERRING, an | Case No.: 1 9 S T C V 2 8 7 6 0 |
12  | individual, | |
    | | **COMPLAINT FOR DAMAGES** |
13  | | |
14  | Plaintiff, | 1. **Failure to Train, Supervise, and Discipline; 42 U.S.C. § 1983, *Monell*;** |
15  | vs. | 2. **Negligence;** |
    | | 3. **Assault;** |
16  | COUNTY OF LOS ANGELES, a California | 4. **Battery;** |
    | municipal entity; LOS ANGELES COUNTY | 5. **Intentional Infliction Of Emotional** |
17  | SHERIFF – MEN'S CENTRAL JAIL, a | **Distress** |
18  | Public Entity; OFFICER RAMERIZ, an | |
    | individual; SERGEANT DURAN, an | **DEMAND FOR JURY TRIAL** |
19  | individual; DEPUTY MARTIN, B, an | |
    | individual; and DOES 1-30, inclusive, | |
20  | | |
21  | Defendants. | |
22  | | |

23

24  Plaintiff MICHAEL HERRING (hereinafter "Plaintiff") complains and alleges against

25  Defendants, and each of them, as follows:

26                          **INTRODUCTORY STATEMENT**

27  1. This is a civil rights action seeking monetary damages from Defendants for violating

28  various rights under the United States Constitution and California state law in connection with

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1

1  the wrongful use of excessive force against Plaintiff on October 7, 2018, at the Los Angeles

2  County Sheriff – Men's Central Jail, located at 441 Bauchet Street, Los Angeles, California.

3  ## JURISDICTION AND VENUE

4  2.  Jurisdiction and venue in this county and division is proper because the events giving rise

5  to each and every of the following causes of action, which are described within this Complaint

6  herein, occurred in this judicial district in the State of California. Furthermore, the relief sought

7  through this Court is within the jurisdiction of this Court because the damages exceed more than

8  $25,000.00.

9  ## PARTIES

10  3.  PLAINTIFF is and was at all relevant times herein, an individual residing in Los

11  Angeles County, State of California.

12  4.  Defendant COUNTY OF LOS ANGELES (herein "COUNTY") is and was at all times

13  relevant herein, a municipal corporation and political subdivision, organized and existing under

14  the laws of the State of California, and owns, operates, manages, directs and/or controls LOS

15  ANGELES COUNTY SHERIFF – MEN'S CENTRAL JAIL.

16  5.  On February 5, 2019, Plaintiff presented Defendant COUNTY with a Claim for

17  Damages sustained as a result of the incident described in this Complaint pursuant to California

18  Government Code §§ 905, 910 et seq. Attached as Exhibit "A" and incorporated herein by this

19  reference is a true and correct copy of Plaintiff's Claim for Damages presented to COUNTY. As

20  the date of the filing of the instant Complaint, said Claim has been deemed denied by operation

21  of law.

22  6.  Defendant LOS ANGELES COUNTY SHERIFF – MEN'S CENTRAL JAIL (herein

23  "LACSMCJ") is and was at all times relevant herein, a municipal corporation and a subdivision

24  of the COUNTY.

25  7.  Defendants OFFICER RAMERIZ ("RAMERIZ"), SERGEANT DURAN ("DURAN"),

26  and DEPUTY MARTIN, B. ("MARTIN"), are, and at all pertinent times were, individuals

27  employed in the County of Los Angeles by Defendants COUNTY and LACSMCJ and

28  supervised and controlled by Defendants COUNTY and LACSMCJ, as well as through other

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

2

1  COUNTY and LACSMCJ policymakers and managers.

2    8.  The true names and/or capacities, whether individual, corporate, associate or otherwise
3  of Defendants DOES 1 through 30, inclusive, and each of them, are unknown to Plaintiff, who
4  therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to
5  allege such defendants' true names and capacities when same have been ascertained. Plaintiff is
6  informed and believes, and thereon alleges that each of the fictitiously named Defendants is
7  responsible in some manner for the acts and occurrences herein alleged, whether such acts and
8  occurrences were committed intentionally, negligently, recklessly or otherwise and that each
9  said DOE defendant is liable to Plaintiff for the damages claimed herein. Plaintiff is informed
10  and believes, and thereupon alleges that each of the Defendants herein fictitiously named as a
11  DOE is legally responsible, negligently or in some other actionable manner, for the events and
12  happenings hereinafter referred, and therefore, proximately caused the injuries and damages to
13  Plaintiff as herein alleged.

14    9.  In doing the acts alleged in this complaint, Defendants, and each of them, were acting
15  under the color of statutes, ordinances, regulations, customs, laws, and usages of the COUNTY
16  and LACSMCJ and the State of California and under the authority of their respective offices.

17    10.  Defendants, and each of them, were the agents, employees and servants of each other
18  and were acting at all times within the full course and scope of their agency and employment,
19  with the full knowledge and consent, either expressed or implied, of their principal and/or
20  employer and each of the other named Defendants, and each of the Defendants had approved or
21  ratified the actions of the other Defendants thereby making all named Defendants herein liable
22  for the acts and/or omissions of their agents, servants and/or employees.

23                    **FACTS SHARED BY ALL CAUSES OF ACTION**

24    11.  Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates
25  the same herein by this reference as if those paragraphs were set forth in full herein.

26    12.  On October 7, 2018, Plaintiff was an inmate at the Los Angeles County Sheriff – Men's
27  Central Jail ("LACSMCJ"), located at 441 Bauchet Street, Los Angeles, California 90012. At
28  all relevant times mentioned here, Plaintiff's booking number was 5436356.

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

3

1    13. On October 7, 2018, at approximately 7:05 p.m., Defendant RAMERIZ, an Officer at

2    LACSMCJ, closed the cell gate without reasonable cause or warning, trapping and compressing

3    Plaintiff's left hand and fingers, causing it to get stuck between the bars.

4    14. Subsequently, Plaintiff cried out in pain, and Defendant RAMERIZ briefly released the

5    gate, only to slam it on Plaintiff's fingers a second time, just before Plaintiff had a chance to

6    remove them. Defendant's subsequent slamming of the gate on Plaintiff's fingers caused

7    Plaintiff further injury.

8    15. As a result of the Defendant's aforementioned conduct, Plaintiff sustained physical and

9    mental injuries, including but not limited to: (1) injuries to fingers; (2) injuries to hand; (3)

10   severe mental anguish, (4) emotional distress; and (5) continuous and severe pain in fingers and

11   hand.

12   16. On information and belief, a reasonable law enforcement officer would not have

13   unjustifiably closed a heavy, destructive gate – without any warning – on Plaintiff's hand and

14   fingers, causing him substantial injuries.

15   17. Defendant's actions were also unwarranted due to the fact that: (a) Plaintiff was at all

16   times cooperative and was not resisting any orders; (b) Plaintiff was unarmed; and (c) Plaintiff

17   was not a threat to anyone and as such Defendants and each of them, could not have reasonably

18   believed that they were in imminent danger of being killed, injured or touched unlawfully.

19   18. At all times relevant hereto, Defendants COUNTY and LACSMCJ were responsible for

20   the training of all officers of Defendants COUNTY and LACSMCJ in the proper care of

21   individuals within their custody. Defendants RAMERIZ, DURAN and MARTIN, and DOES 1-

22   30 were trained by the COUNTY and LACSMCJ, at the direction, special insistence, and under

23   the control of Defendants COUNTY and LACSMCJ, in the proper care of individuals within

24   their custody in accordance with the statutes, ordinances, regulations, customs, and usages of

25   Defendants COUNTY and LACSMCJ and the State of California. Defendant COUNTY was

26   also responsible for enforcing the regulations of the LACSMCJ and for ensuring that law

27   enforcement personnel of the LACSMCJ obeyed the laws of the State of California and the

28   United States of America.

4

1    19. Defendants COUNTY and LACSMCJ, by and through their supervisory employees and

2    officials, have been on notice through complaints, both formal and informal, that its officers

3    have repeatedly engaged in a pattern and practice of purposefully abridging the rights,

4    constitutional and otherwise, of persons within their jurisdiction. Despite such notice, the

5    COUNTY and LACSMCJ, and certain of the DOE Defendants, and each of them, demonstrated

6    deliberate indifference to this pattern and practice of violations of rights by failing to take

7    necessary, appropriate, or adequate measures to ensure the cessation of such conduct. This

8    deliberate indifference of the Defendants amounts to an informal policy or custom, and

9    ratification, said policy or custom ratified being another proximate cause of the injury to

10   Plaintiff.

11   20. As a direct and proximate cause of the acts alleged above, Plaintiff has had to hire the

12   services of an attorney. Plaintiff has incurred and continues to incur legal expenses, costs, and

13   attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §

14   1988(b). Plaintiff is presently unaware of the precise amount of these expenses and fees and

15   prays leave of court to amend this Complaint when the amounts are more fully known.

16                          **FIRST CAUSE OF ACTION**

17   **FAILURE TO PROPERLY TRAIN, SUPERVISE AND DISCIPLINE, 42 U.S.C. § 1983,**

18                                   ***MONELL***

19                   **(Plaintiff v. COUNTY, LACSMCJ, and DOES 1-30)**

20   21. Plaintiff re-alleges and incorporates by reference each and every allegation contained in

21   this complaint as though set forth herein in full.

22   22. COUNTY, LACSMCJ, and DOES 1 through 30 as a matter of custom, practice, and

23   policy, failed to maintain adequate and proper training for officers and law enforcement

24   personnel in the LACSMCJ necessary to educate the officers as to the Constitutional rights of

25   detainees, to prevent the consistent and systematic use of unwarranted or excessive force by

26   detaining officers, deputies, and/or sheriffs, and/or to prevent the force and judicial punishment

27   of potential detainees by its officers, deputies and/or sheriffs.

28   23. Defendants COUNTY, LACSMCJ, and DOES 1 through 30 also failed to provide

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1  adequate supervision and discipline to officers, deputies, and/or sheriffs that hold the power,

2  authority, insignia, equipment, weapons, and/or other type of means entrusted to them as

3  described herein. COUNTY and LACSMCJ also failed to promulgate and enforce adequate

4  policies and procedures related to the use of proper force, and when to cease and desist the use

5  of any force in handling a detainee.

6  24. Defendants COUNTY and LACSMCJ's failures to supervise and discipline offending

7  officers, deputies, and/or sheriffs that fostered and/or practiced the custom, practice, and/or

8  policy to use unwarranted force towards unarmed and/or handcuffed detainees within

9  LACSMCJ resulted in the unwarranted attack to Plaintiff's person.

10  25. By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful

11  acts, Defendants COUNTY and LACSMCJ acted with an intentional, reckless, and callous

12  disregard for the life and constitutional and human rights of Plaintiff.

13  26. Said custom, practice, and policy included a failure to adequately investigate, supervise

14  and discipline offending officers that fostered the custom, practice, and policy within the

15  LACSMCJ which resulted in the unwarranted attack to Plaintiff's person.

16  27. Therefore, these Defendants, with deliberate indifference, disregarded a duty to protect

17  the public from official misconduct.

18  28. The failure to promulgate or maintain constitutionally adequate policies regarding

19  training and impartiality was done with deliberate indifference to the rights of Plaintiff and

20  others in his position.

21  29. The constitutionally infirm lack of adequate training, supervision, and discipline as to

22  the officers and law enforcement personnel in this case caused Plaintiff to suffer general and

23  special damages according to proof at the time of trial.

24  30. As a direct and proximate result of Defendants' deprivations and violations of

25  Plaintiff's Fourth Amendment rights, Plaintiff suffered and continues to suffer general and

26  special damages according to proof at the time of trial.

27  31. As a further direct and proximate result of the foregoing, Plaintiff suffered physical

28  injuries inflicted upon him by County personnel, including but not limited to the following: (1)

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

6

injuries to fingers; (2) injuries to hand; and (3) continuous and severe pain in fingers and hand.

32. As a further direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants)

33. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

34. On or about October 7, 2018, at the time and place described above, each of the Defendants RAMERIZ, DURAN and MARTIN, and DOES 1 through 30 were officers/sheriffs/deputies acting within the course and scope of their employment who negligently, carelessly, and without reasonable care used unwarranted and excessive force and battered Plaintiff.

35. Defendants RAMERIZ, DURAN and MARTIN, and DOES 1 through 30, and each of them, had the duty to exercise ordinary care towards the Plaintiff and should have known that subjecting the Plaintiff to conduct described herein would lead to bodily injury or death and foreseeably cause Plaintiff to suffer harm.

36. Defendants RAMERIZ, DURAN and MARTIN, and DOES 1 through 30, breached their legal duty by failing to act reasonably in light of the circumstances.

37. As a legal result of the Defendants' negligent conduct as described here, Plaintiff suffered and continues to suffer general and special damages according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11.

38. As a further direct and proximate result of the foregoing, Plaintiff suffered severe physical injuries inflicted upon him by County personnel, including but not limited to the following: (1) injuries to fingers; (2) injuries to hand; and (3) continuous and severe pain in fingers and hand.

39. As a further direct and proximate result of the foregoing, Plaintiff suffered and

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1    continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability,

2    anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

3        40.  On information and belief, the wrongful acts and conduct of Defendants RAMERIZ,

4    DURAN and MARTIN, and DOES 1 through 30, as set forth above, was conducted or occurred

5    deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and

6    reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of

7    exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

8        41.  COUNTY and LACSMCJ are vicariously liable for the wrongful acts of Defendants

9    RAMERIZ, DURAN and MARTIN, and DOES 1 through 30 pursuant to section 815.2 of the

10   California Government Code, which provides that a public entity is liable for the injuries caused

11   by its employees within the scope of the employment if the employee's act would subject him

12   or her to liability.

### THIRD CAUSE OF ACTION

### ASSAULT

### (Against All Defendants)

16       42. Plaintiff re-alleges and incorporates by reference each and every allegation contained in

17   this complaint as though set forth herein in full.

18       43. Plaintiff is informed and believes that Defendants RAMERIZ, DURAN and MARTIN,

19   and DOES 1 through 30, with the knowledge, permission and consent of Defendants COUNTY

20   and LACSMCJ, acted with the intent to cause harmful or offensive contact to Plaintiff's person,

21   including shutting the cell gate without reasonable cause or warning and trapping and slamming

22   Plaintiff's fingers multiple times.

23       44. Plaintiff reasonably believed he was about to be harmed, and was in fact harmed.

24       45. Plaintiff did not consent to Defendants' intent to cause harmful or offensive contact to

25   Plaintiff's person.

26       46. As a direct and proximate result of the acts described above, Plaintiff has been generally

27   and specially damaged in a sum to be established according to proof at the time of trial, as

28   provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11. Specifically, Plaintiff sustained: (1)

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

8

injuries to his fingers; (2) injuries to his hand; and (3) continuous and severe pain in fingers and hand.

47. As a further direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

48. On information and belief, the wrongful acts and conduct of Defendants, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as provided by § 337.34 of the California Code of Civil Procedure.

49. COUNTY and LACSMCJ are vicariously liable for the wrongful acts of Defendants RAMERIZ, DURAN and MARTIN, and DOES 1 through 30 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## FOURTH CAUSE OF ACTION

### BATTERY

### (Against All Defendants)

50. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

51. Plaintiff is informed and believes that Defendants RAMERIZ, DURAN and MARTIN, and DOES 1 through 30, with the knowledge, permission and consent of Defendants COUNTY and LACSMCJ, decided to batter Plaintiff and use excessive and unwarranted force against him, including shutting the cell gate without reasonable cause or warning and trapping and slamming Plaintiff's fingers multiple times, while Plaintiff was handcuffed and had not posed any reasonable threat of death or serious bodily injury to anyone.

52. Plaintiff did not consent to being battered or the use of that excessive or unwarranted force being employed upon his person.

9

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

53. Each of the Defendants RAMERIZ, DURAN and MARTIN, and DOES 1 through 30 battered Plaintiff, including shutting the cell gate without reasonable cause or warning and trapping and slamming Plaintiff's fingers multiple times while he was handcuffed, with the intent to harm and/or offend him. Plaintiff was in fact harmed by the attack, resulting in his sustaining severe pain and injury to his mind and body.

54. As a direct and proximate result of the battery and excessive force described above, Plaintiff suffered severe physical injuries inflicted upon him by County personnel, including but not limited to the following: (1) injuries to fingers; (2) injuries to hand; and (3) continuous and severe pain in fingers and hand.

55. As a further direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

56. As a direct and proximate result of the negligent and careless acts described above, Plaintiff has been generally and specially damaged in a sum to be established according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11.

57. On information and belief, the wrongful acts and conduct of Defendants RAMERIZ, DURAN and MARTIN, and DOES 1 through 30, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

58. COUNTY and LACSMCJ are vicariously liable for the wrongful acts of Defendants RAMERIZ, DURAN and MARTIN, and DOES 1 through 30 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

/ / /

/ / /

/ / /

10

## FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

59. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

60. While being detained by Defendants RAMERIZ, DURAN and MARTIN, and DOES 1 through 30, and while in the custody of the Defendants COUNTY and LACSMCJ, Plaintiff was battered and subjected to excessive and unwarranted force, including having his fingers and hand slammed and trapped by the cell gate while he was handcuffed.

61. By their herein described unprivileged and unlawful conduct, Defendants RAMERIZ, DURAN and MARTIN, and DOES 1 through 30, clearly engaged in extreme, outrageous, malicious, and unprivileged conduct, that was intended to cause, and did cause, or recklessly disregarded the probability of causing, Plaintiff to suffer severe emotional and mental distress.

62. As a direct, legal and/or proximate result of the herein described unlawful and unprivileged conduct, Plaintiff suffered severe emotional and mental distress including, but not limited to, shock to his nervous system, mental anguish, fright, horror, nervousness, grief, anxiety, worry, humiliation, and shame.

63. On information and belief, the wrongful acts and conduct of Defendants RAMERIZ, DURAN and MARTIN, and DOES 1 through 30, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

64. COUNTY and LACSMCJ are vicariously liable for the wrongful acts of Defendants RAMERIZ, DURAN and MARTIN, and DOES 1 through 30 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

11

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

**PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff prays for judgment against Defendants and Does 1 through 30,

3  inclusive, as follows:

4    1. General damages in an amount to be determined according to proof at trial;

5    2. Special damages in a sum according to proof at the time of trial;

6    3. Prejudgment and post-judgment interest according to any applicable provision of law,

7      according to proof;

8    4. Attorney fees, costs, and expenses in an amount to be determined according to proof at

9      trial;

10    5. For punitive damages against each of the defendants except Defendants COUNTY and

11      LACSMCJ;

12    6. For such other and further relief as the Court deems just and proper.

13

14  DATED: August 15, 2019                    **MCMURRAY HENRIKS, LLP**

15

16                              By:

                                    Randy H. McMurray, Esq.
17                                    Yana G. Henriks, Esq.
                                    Attorneys for Plaintiff, MICHAEL HERRING
18

19

20                        **DEMAND FOR JURY TRIAL**

21    PLAINTIFF hereby demands a jury trial on all of the causes of action listed above.

22

23  DATED: August 15, 2019                    **MCMURRAY HENRIKS, LLP**

24

25                              By:

26                                    Randy H. McMurray, Esq.
                                    Yana G. Henriks, Esq.
27                                    Attorneys for Plaintiff, MICHAEL HERRING

28

12

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL.

EXHIBIT A



## MCMURRAY HENRIKS, LLP
### Changing The World One Case At A Time

February 5, 2019

*VIA CERTIFIED MAIL and E-MAIL*
7018 0680 0000 3404 1473
info@lacounty.gov

Executive Officer, Board of Supervisors
Attn: Claims Department
County of Los Angeles
500 West Temple Street
Kenneth Hahn Hall of Administration, Room 383
Los Angeles, CA 90012

    RE:   **Michael Herring**

## CLAIM FOR DAMAGES PURSUANT TO CAL. GOV'T CODE § 910 *et seq.*

### A. The Names and Addresses of Claimants are as Follows:

Michael Herring, c/o McMurray Henriks, LLP, 5670 Wilshire Blvd., Suite 1450, Los Angeles, CA 90036.

### B. The Post Office Address to which the Persons Presenting the Claim Desire Notice to be Sent:

Randy H. McMurray, Esq., McMurray Henriks, LLP, 5670 Wilshire Blvd., Suite 1450, Los Angeles, CA 90036.

### C. The Date, Place and Other Circumstances of the Occurrence or Transaction which Gave Rise to the Claim Asserted:

This Claim concerns the injury to Michael Herring, which occurred on October 7, 2018 at the Los Angeles County Sheriff's Men's Central Jail, located at 441 Bauchet Street, Los Angeles, California.

On or about October 7, 2018, Michael Herring was an inmate at Men's Central Jail. A Deputy at the facility closed the cell door without warning, trapping Mr. Herring's fingers. Mr. Herring cried out in pain, and the guard briefly released the gate, only to slam it on Mr. Herring's fingers again before he could remove them, causing further injury.

---

5670 Wilshire Boulevard • Suite 1450 • Los Angeles, CA 90036
Telephone: 323.931.6200 • Facsimile: 323.931.9521 • www.Law-MH.com

Executive Officer, Board of Supervisors
Attn: Claims Department
RE:   **Michael Herring**
February 5, 2019
**2 | P a g e**

**D.     Description of Claims:**

As a result of the above alleged conduct, Michael Herring will bring causes of action which include, but are not limited to, violation of civil rights (42 U.S.C Section 1983), violation of civil rights (Cal. Civil Code Section 52.1, 51.7), assault and battery, intentional infliction of emotional distress, negligence, negligent hiring, negligent training, negligent supervision and negligent retention, among other claims.

**E.     General Description of the Indebtedness, Obligation, Injury, Damage or Loss, So Far as is Presently Known:**

As a result of the above facts, Michael Herring has suffered injuries to his mind and body including, but not limited to, injuries to fingers and hands, severe mental anguish, emotional distress, worry, fear and anxiety, difficulty sleeping, tearfulness and anger. Furthermore, Mr. Herring suffers from permanent physical and emotional wounds resulting from the horrific incident described herein as a result of the improper and reckless acts of the Los Angeles County Sherriff's Department and/or its employees, agents, servants and representatives.

**F.     The Name(s) of the Public Employee(s) Causing the Injury, Damage or Loss:**

1.  Los Angeles County Sherriff's Department;

2.  Unknown officers, employees, and/or agents of the Los Angeles County Sherriff's Department;

3.  County of Los Angeles, California; and

4.  Unknown officers, employees, and/or agents of the County of Los Angeles.

**G.     The Amount Claimed:**

In excess of $1,000,000.00 and within the unlimited jurisdiction of the Superior Court of California.

MCMURRAY HENRIKS, LLP

By: _____

Randy H. McMurray, Esq., on behalf of Claimants
Michael Herring

Electronically FILED by Superior Court of California, County of Los Angeles on 08/16/2019 05:29:39 PM R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>—Randy H. McMurray, Esq. (SBN 126888); Yana G. Henriks, Esq. (SBN 250638)<br>McMurray Henriks, LLP<br>811 Wilshire Blvd., Suite 1640<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (323) 931-6200    FAX NO.: (323) 931-9521<br>ATTORNEY FOR *(Name):* Plaintiff, Michael Herring | *FOR COURT USE ONLY* |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Herring v. County of Los Angeles, et al.

| CIVIL CASE COVER SHEET | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 19STCV28760<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>✓ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ✓ punitive
4. Number of causes of action *(specify):*  5 (Five)
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/15/2019

Randy H. McMurray, Esq.
      (TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE HERRING v. COUNTY OF LOS ANGELES, ET AL. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases -- unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☒ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: | HERRING v. COUNTY OF LOS ANGELES, ET AL. | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: HERRING v. COUNTY OF LOS ANGELES, ET AL. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: HERRING v. COUNTY OF LOS ANGELES, ET AL. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: □ 1. □ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. ☒ 11. | ADDRESS: 441 Bauchet Street |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: August 15, 2019

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/16/2019 |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | Sherri R. Carter, Executive Officer / Desk of Court<br>By: Ricardo Perez  Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV28760 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Stephen I. Goorvitch | 5 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 08/19/2019                                By Ricardo Perez_____, Deputy Clerk
(Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY ) CASE NO.:
COURT ("PI COURT") PROCEDURES, )
CENTRAL DISTRICT ) STANDING ORDER RE: PERSONAL
(EFFECTIVE APRIL 16, 2018) ) INJURY PROCEDURES, CENTRAL
) DISTRICT
)
)

---

DEPARTMENT:    2    3    4    5    7

FINAL STATUS CONFERENCE ("FSC"):

• DATE: _____ AT 10:00 A.M.

TRIAL:

• DATE: _____ AT 8:30 A.M.

OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):

• DATE: _____ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Page 1 of 8

2018-SJ-007-00

1.     To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

> A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
>
> A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
>
> A7260 Product Liability (not asbestos or toxic/environmental)
>
> A7210 Medical Malpractice – Physicians & Surgeons
>
> A7240 Medical Malpractice – Other Professional Health Care Malpractice
>
> A7250 Premises Liability (e.g., slip and fall)
>
> A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
>
> A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1      The Court sets the above dates in this action in the PI Court circled above (Department

2  2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3  (C.R.C. Rules 3.714(b)(3), 3.729.)

4  **FILING OF DOCUMENTS**

5  2.     Parties may file documents in person at the filing window on the first floor of the Stanley

6  Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7  which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no

8  longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9  Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10  legally incompetent person, or person for whom a conservator has been appointed, requests to

11  waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12  410), may not be filed via e-Delivery.

13  **SERVICE OF SUMMONS AND COMPLAINT**

14  3.     Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15  soon as possible but no later than three years from the date when the complaint is filed.

16  (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will

17  dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18  or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19  4.     The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20  service on defendant(s) of the summons and complaint within six months of filing the complaint.

21  5.     The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22  party appears for trial.

23  **STIPULATIONS TO CONTINUE TRIAL**

24  6.     Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25  § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26  good cause or articulating any reason or justification for the change.  To continue or advance a

27  trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28  window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

2018-SJ-007-00

1  required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form
2  LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts
3  schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to
4  continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC
5  date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight
6  court days before the proposed advanced FSC date. (C.C.P. § 595.2;  Govt. Code § 70617, subd.
7  (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday
8  following a court holiday. Parties may submit a maximum of two stipulations to continue trial,
9  for a total continuance of six months. Subsequent requests to continue trial will be granted upon
10 a showing of good cause by noticed motion. This rule is retroactive so that any previously
11 granted stipulation to continue trial will count toward the maximum number of allowed
12 continuances.

13 **NO CASE MANAGEMENT CONFERENCES**

14 7.      The PI Courts do not conduct Case Management Conferences. The parties need not file
15 a Case Management Statement.

16 **LAW AND MOTION**

17 8.      Any documents with declarations and/or exhibits must be tabbed.  (C.R.C. Rule
18 3.1110(f).)  All depositions excerpts referenced in briefs must be marked on the transcripts
19 attached as exhibits.  (C.R.C. Rule 3.1116(c).)

20 **CHAMBERS COPIES REQUIRED**

21 9.      In addition to filing original motion papers at the filing window on the first floor of the
22 Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to
23 the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers
24 Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a
25 hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and
26 opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
27 or more three-ring binders organizing the chambers copy behind tabs.

28 ///

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.   Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person. The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties must participate in an IDC before a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

2018-SJ-007-00

1  IDC.

2      If parties do not stipulate to extend the deadlines, the moving party may file the motion
3  to avoid it being deemed untimely.   However, the IDC must take place before the motion is
4  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
5  60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery
6  Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance
7  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date
8  that complies with the notice requirements of the Code of Civil Procedure.

9  14.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at
10  www.lacourt.org (link on homepage). Parties are to meet and confer regarding the available
11  dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation
12  requestor must file in the appropriate department and serve an Informal Discovery Conference
13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days
14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing
15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at
16  least 10 court days prior to the IDC.

17  15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to
18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a
21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief
23  ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*
24  applications or to shorten time to add hearings to their fully booked motion calendars. The PI
25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
26  danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte*
27  relief, the moving party should reserve the earliest available motion hearing date (even if it is
28  after the scheduled trial date) and should file a motion to continue trial. Parties should also check

1   the Court Reservation System from time to time because earlier hearing dates may become

2   available as cases settle or hearings are taken off calendar.

3   **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4   17.   Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

5   Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.

6   mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury

7   Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under

8   the PI Courts link). The PI Courts will transfer a matter to an I/C Court if the case is not a

9   "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether

10   a personal injury case is "complicated" the PI Courts will consider, among other things, the

11   number of pretrial hearings or the complexity of issues presented.

12   18.   Parties opposing a motion to transfer have five court days to file (at the filing window

13   on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition

14   (using the same LACIV 238 Motion to Transfer form).

15   19.   The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

16   Although the parties may stipulate to transfer a case to an Independent Calendar Department, the

17   PI Courts will make an independent determination whether to transfer the case or not.

18   **FINAL STATUS CONFERENCE**

19   20.   Parties shall comply with the requirements of the PI Courts' "First Amended Standing

20   Order Re Final Status Conference," which shall be served with the summons and complaint.

21   **JURY FEES**

22   21.   Parties must pay jury fees no later than 365 calendar days after the filing of the initial

23   complaint. (C. C. P. § 631, subds. (b) and (c).)

24   **JURY TRIALS**

25   22.   The PI Courts do not conduct jury trials. On the trial date, a PI Court will contact the

26   Master Calendar Court, Department One, in the Stanley Mosk Courthouse. Department One

27   will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal

28   Courtrooms.

2018-SJ-007-00

1    SANCTIONS

2    23.    The Court has discretion to impose sanctions for any violation of this general order.

3    (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6    Dated: *April 16, 2018*                    *Debre K. Weintraub*

7                                               Debre K. Weintraub
                                                Supervising Judge of Civil Courts
8                                               Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 8 of 8

2018-SJ-006-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned To the Personal Injury Courts (Departments 2, 3, 4, 5 and 7 of the Spring Street Courthouse) | FIRST AMENDED STANDING ORDER – RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective as of April 16, 2018) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court HEREBY AMENDS AND SUPERSEDES ITS JANUARY 2, 2018 STANDING ORDER–RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

1.   PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

Page 1 of 5

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

2.   **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse or by e-Delivery) the following Trial Readiness Documents:

A.   **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.   **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.   **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury. Local Rule 3.25(g)(4).

D.   **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses in alphabetical order by last name that each party intends to call (excluding impeachment and rebuttal witnesses). Local Rule 3.25(g)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination and re-direct examination (if any) of each witness. The

1  parties/counsel shall identify all potential witness scheduling issues and special

2  requirements. Any party/counsel who seeks to elicit testimony from a witness not identified

3  on the witness list must first make a showing of good cause to the trial court.

4          E.    LIST OF PROPOSED JURY INSTRUCTIONS

5               (JOINT AND CONTESTED)

6          The parties/counsel shall jointly prepare and file a list of proposed jury

7  instructions, organized in numerical order, specifying the instructions upon which all sides

8  agree and the contested instructions, if any. The List of Proposed Jury Instructions must

9  include a space by each instruction for the judge to indicate whether the instruction was

10  given.

11          F.    JURY INSTRUCTIONS

12               (JOINT AND CONTESTED)

13          The parties/counsel shall prepare a complete set of full-text proposed jury

14  instructions, editing all proposed California Civil Jury Instructions ("CACI") and insert party

15  name(s) and eliminate blanks and irrelevant material. The parties/counsel shall prepare

16  special instructions in a format ready for submission to the jury with the instruction number,

17  title, and text only (i.e., there should be no boxes or other indication on the printed

18  instruction itself as to the requesting party).

19          G.    JOINT VERDICT FORM(S)

20          The parties/counsel shall prepare and jointly file a proposed general verdict

21  form or special verdict form (with interrogatories) acceptable to all sides. Local Rule

22  3.25(g)(6). If the parties/counsel cannot agree on a joint verdict form, each party must

23  separately file a proposed verdict form.

24          H.    JOINT EXHIBIT LIST

25          The parties/counsel shall prepare and file a joint exhibit list organized with

26  columns identifying each exhibit and specifying each party's evidentiary objections, if any, to

27  admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve

28  objections to the admissibility of each exhibit.

I.   **PAGE AND LINE DESIGNATION FOR**
**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following: 1) the line and page designations of the deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

3.   **EVIDENTIARY EXHIBITS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC. However, the exhibit binders may be required by the assigned trial judge when the trial commences. In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required by all parties/counsel at the FSC.

4.   **TRIAL BINDERS REQUIRED IN THE PI COURTS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies, tabbed and organized into three-ring binders with a table of contents that includes the following:

| Tab A: | Trial Briefs (Optional) |
| Tab B: | Motions in Limine |
| Tab C: | Joint Statement to Be Read to the Jury |
| Tab D: | Joint Witness List |

///

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

Tab E:      Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F:      Joint and Contested Jury Instructions

Tab G:      Joint and/or Contested Verdict Form(s)

Tab H:      Joint Exhibit List

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

5.      FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to show cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated *April 16, 2018*

*Debre K. Weintraub*
Debre K. Weintraub
Supervising Judge, Civil
Los Angeles Superior Court

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)



## Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- Saves Time: ADR is faster than going to trial.
- Saves Money: Parties can save on court costs, attorney's fees and witness fees.
- Keeps Control with the parties: Parties choose their ADR process and provider for voluntary ADR.
- Reduces stress/protects privacy: ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- Costs: If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- No Public Trial: ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. Negotiation: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. Mediation: In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a.  **The Civil Mediation Vendor Resource List**

Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager (213) 253-9776 rndawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This service is not available for family law, probate or small claims.

b.  **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/

- Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
  http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c.  **Mediators and ADR and Bar organizations** that provide mediation may be found on the Internet.

3.  Arbitration: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4.  Mandatory Settlement Conferences (MSC): MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

  a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

  b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

  c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

  d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

1    d) Documents in Related Cases

2        Documents in related cases must be electronically filed in the eFiling portal for that case type if

3        electronic filing has been implemented in that case type, regardless of whether the case has

4        been related to a Civil case.

5  3) EXEMPT LITIGANTS

6        a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7            from mandatory electronic filing requirements.

8        b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9            Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10           from filing documents electronically and be permitted to file documents by conventional

11           means if the party shows undue hardship or significant prejudice.

12  4) EXEMPT FILINGS

13       a) The following documents shall not be filed electronically:

14           i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15                 Civil Procedure sections 170.6 or 170.3;

16           ii)   Bonds/Undertaking documents;

17           iii)  Trial and Evidentiary Hearing Exhibits

18           iv)   Any ex parte application that is filed concurrently with a new complaint including those

19                 that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20           v)    Documents submitted conditionally under seal. The actual motion or application shall be

21                 electronically filed. A courtesy copy of the electronically filed motion or application to

22                 submit documents conditionally under seal must be provided with the documents

23                 submitted conditionally under seal.

24       b) Lodgments

25           Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26   paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27   //

28   //

3

1  5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2     Electronic filing service providers must obtain and manage registration information for persons

3     and entities electronically filing with the court.

4  6) TECHNICAL REQUIREMENTS

5     a) Electronic documents must be electronically filed in PDF, text searchable format **when**

6        technologically feasible without impairment of the document's image.

7     b) The table of contents for any filing must be bookmarked.

8     c) Electronic documents, including but not limited to, declarations, proofs of service, and

9        exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10       3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked

11       item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12       bookedmarked item and briefly describe the item.

13    d) Attachments to primary documents must be bookmarked. Examples include, but are not

14       limited to, the following:

15       i)    Depositions;

16       ii)   Declarations;

17       iii)  Exhibits (including exhibits to declarations);

18       iv)   Transcripts (including excerpts within transcripts);

19       v)    Points and Authorities;

20       vi)   Citations; and

21       vii)  Supporting Briefs.

22    e) Use of hyperlinks within documents (including attachments and exhibits) is strongly

23       encouraged.

24    f) Accompanying Documents

25       Each document acompanying a single pleading must be electronically filed as a **separate**

26       digital PDF document.

27    g) Multiple Documents

28       Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

1    b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2        day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte

3        application must be provided to the court the day of the ex parte hearing.

4  9) PRINTED COURTESY COPIES

5    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6        be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If

7        the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8        by 10:00 a.m. the next business day.

9    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10       electronic submission) is required for the following documents:

11       i) Any printed document required pursuant to a Standing or General Order;

12       ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26

13           pages or more;

14       iii) Pleadings and motions that include points and authorities;

15       iv) Demurrers;

16       v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17       vi) Motions for Summary Judgment/Adjudication; and

18       vii) Motions to Compel Further Discovery.

19    c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20        additional documents. Courtroom specific courtesy copy guidelines can be found at

21        www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23    a) Fees and costs associated with electronic filing must be waived for any litigant who has

24        received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25        1010.6(d)(2).)

26    b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27        section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be

28        electronically filed in any authorized action or proceeding.

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6      This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019                    

11                                         KEVIN C. BRAZILE

                                           Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

| **FW-003** | **Order on Court Fee Waiver**<br>**(Superior Court)** | *Clerk stamps date here when form is filed.* |
|---|---|---|

**(1) Person who asked the court to waive court fees:**

Name: Michael Herring, , an individual

Street or mailing address: _____

City: _____ State: _____ Zip: _____

**(2) Lawyer, if person in (1) has one** *(name, address, phone number, e-mail, and State Bar number):* 250638

Yana Gayane Henriks

811 Wilshire Blvd Ste 1640

Los Angeles, CA 90017

**(3)** A request to waive court fees was filed
on *(date):* 08/16/2019

☐ The court made a previous fee waiver order in this case
on *(date):* _____

*Read this form carefully. All checked boxes ☑ are court orders.*

---

**FILED**
Superior Court of California
County of Los Angeles

08/19/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Ricardo Perez _____ Deputy

*Fill in court name and street address:*

**Superior Court of California, County of Los Angeles**

Spring Street Courthouse

312 North Spring Street

Los Angeles CA 90012

*Fill in case number and case name:*

**Case Number:**
19STCV28760

**Case Name:**
MICHAEL HERRING vs COUNTY OF LOS ANGELES, et al.

---

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your *(check one):* ☑ *Request to Waive Court Fees* ☐ *Request to Waive Additional Court Fees* **the court makes the following orders:**

a. ☑ The court **grants** your request, as follows:

(1) ☑ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rule 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in Superior Court
- Making copies and certifying copies
- Sheriff 's fee to give notice
- Court fees for phone hearings
- Giving notice and certificates
- Sending papers to another court department
- Court-appointed interpreter in small claims court

- Reporter's fee for attendance at hearing or trial, if reporter provided by the court.
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851.
- Preparing and certifying the clerk's transcript on appeal.
- Holding in trust the deposit for a reporter's transcript on a appeal under rule 8.130 or 8.834.
- Making a transcript or copy of an official electronic recording under rule 8.835.

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the

☐ Jury fees and expenses

☐ Fees for court-appointed experts

☐ Fees for a peace officer to testify in court

☐ Court-appointed interpreter fees for a witness

☐ Other *(specify):* _____

---

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2015, Mandatory Form
Government Code, § 68634(e)
California Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

**FW-003**, Page 1 of 2

| | Case Number: |
|---|---|
| Your name: Michael Herring, , an individual | 19STCV28760 |

b. ☐ The court **denies** your request, as follows:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ The court **denies** your request because it is incomplete. You have **10 days** after the clerk gives notice of this order (see date of service on next page) to:

- Pay your fees and costs, or
- File a new revised request that includes the items listed below *(specify incomplete items):*

_____

(2) ☐ The court **denies** your request because the information you provided on the request shows that you are not eligible for the fee waiver you requested *(specify reasons):* _____

_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)*, form FW-006. You have **10 days** after the clerk gives notice of this order (see date of service below) to:

- Pay your fees and costs in full or the amount listed in c. below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. ☐ The court needs more information to decide whether to grant your request. You must go to court on the date below. The hearing will be about *(specify questions regarding eligibility):* _____

_____

☐ Bring the following proof to support your request if reasonably available:

_____

| **Hearing Date** → | | | Name and address of court if different from page 1: |
|---|---|---|---|
| | Date: _____ | Time: _____ | _____ |
| | Dept.: _____ | Rm.: _____ | _____ |

> **Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Ricardo Perez

Date: 08/19/2019

Signature of (check one):    Judicial Officer  ✓ Clerk, Deputy

**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation,* Form MC-410. (Civil Code, § 54.8.)

**Clerk's Certificate of Service**

I certify that I am not involved in this case and *(check one):*  ☐ A certificate of mailing is attached.

☐ I handed a copy of this order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* **Los Angeles** _____, California on the date below.

Sherri R. Carter, Executive Officer / Clerk of Court

Date: 08/19/2019                                     , by  Ricardo Perez _____ , Deputy

**This is a Court Order.**

**Order on Court Fee Waiver (Superior Court)**

**CLERK'S CERTIFICATE OF ELECTRONIC SERVICE ON FEE WAIVER ORDER**

I certify that I am not a party to this cause and that the document: FW-003 - Order on Court Fee Waiver (Superior Court), has been transmitted electronically by the Los Angeles Superior Court from Los Angeles, CA to the electronic address below. The transmission originated from Los Angeles Superior Court on 08/19/2019 at 08:36:15 AM PDT. The electronically transmitted document(s) is in accordance with Rule 2.251 of the California Rules of Court. The list of electronically served recipient(s) are listed below:

Party: Michael Herring, , an individual

Electronic Service Address: https://efi.J.ecourt/sustain/portal

Service Provider: JTI EFM

Electronically FILED by Superior Court of California, County of Los Angeles on 08/16/2019 06:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

| **FW-001** | **Request to Waive Court Fees** | **CONFIDENTIAL** |
|---|---|---|

*Clerk stamps date here when form is filed.*

If you are getting public benefits, are a low-income person, or do not have enough income to pay for your household's basic needs and your court fees, you may use this form to ask the court to waive your court fees. The court may order you to answer questions about your finances. If the court waives the fees, you may still have to pay later if:
 • You cannot give the court proof of your eligibility,
 • Your financial situation improves during this case, or
 • You settle your civil case for **$10,000** or more. The trial court that waives your fees will have a lien on any such settlement in the amount of the waived fees and costs. The court may also charge you any collection costs.

*Fill in court name and street address:*

**Superior Court of California, County of**
**Los Angeles**

**312 NORTH SPRING STREET**
**LOS ANGELES, CA 90012**
**SPRING STREET COURTHOUSE**

**(1)** **Your Information** *(person asking the court to waive the fees):*
 Name: Michael Herring
 Street or mailing address: 524 N. La Brea Ave.
 City: Inglewood    State: CA  Zip: 90302
 Phone: (424) 789-0074

*Fill in case number and name:*

Case Number:

**19STCV28760**

**(2)** **Your Job,** if you have one *(job title):* _____
 Name of employer: _____
 Employer's address: _____

Case Name:

**(3)** **Your Lawyer,** if you have one *(name, firm or affiliation, address, phone number, and State Bar number):*
 Randy H. McMurray, Esq. (SBN 126888); Yana G. Henriks, Esq. (SBN 250638); MCMURRAY HENRIKS, LLP
 811 Wilshire Blvd., Suite 1640 Los Angeles California 90017; Telephone: (323) 931-6200
 a. The lawyer has agreed to advance all or a portion of your fees or costs *(check one):*  Yes ☒   No ☐
 b. *(If yes, your lawyer must sign here)* Lawyer's signature:
  *If your lawyer is not providing legal-aid type services based on your low income, you may have to go to a hearing to explain why you are asking the court to waive the fees.*

**(4)** **What court's fees or costs are you asking to be waived?**
 ☒ Superior Court (See *Information Sheet on Waiver of Superior Court Fees and Costs* (form FW-001-INFO).)
 ☐ Supreme Court, Court of Appeal, or Appellate Division of Superior Court (See *Information Sheet on Waiver of Appellate Court Fees* (form APP-015/FW-015-INFO).)

**(5)** **Why are you asking the court to waive your court fees?**
 a. ☒ I receive *(check all that apply; see form FW-001-INFO for definitions):* ☒ Food Stamps ☒ Supp. Sec. Inc.
  ☐ SSP ☒ Medi-Cal ☐ County Relief/Gen. Assist. ☐ IHSS ☐ CalWORKS or Tribal TANF ☐ CAPI
 b. ☒ My gross monthly household income (before deductions for taxes) is less than the amount listed below. *(If you check 5b, you must fill out 7, 8, and 9 on page 2 of this form.)*

| Family Size | Family Income | Family Size | Family Income | Family Size | Family Income | *If more than 6 people* |
|---|---|---|---|---|---|---|
| 1 | $1,301.05 | 3 | $2,221.88 | 5 | $3,142.71 | *at home, add $460.42* |
| 2 | $1,761.46 | 4 | $2,682.30 | 6 | $3,603.13 | *for each extra person.* |

 c. ☒ I do not have enough income to pay for my household's basic needs *and* the court fees. I ask the court to: *(check one and you **must** fill out page 2):*
  ☒ waive all court fees and costs    ☐ waive some of the court fees
  ☐ let me make payments over time

**(6)** ☐ Check here if you asked the court to waive your court fees for this case in the last six months.
 *(If your previous request is reasonably available, please attach it to this form and check here:)* ☐

**I declare under penalty of perjury under the laws of the State of California that the information I have provided on this form and all attachments is true and correct.**
Date: August 15, 2019
Michael Herring                            
*Print your name here*                         *Sign here*

Judicial Council of California, www.courts.ca.gov
Revised March 15, 2019, Mandatory Form
Government Code, § 68633
Cal. Rules of Court, rules 3.51, 8.26, and 8.818        **Request to Waive Court Fees**        **FW-001**, Page 1 of 2
→

| Case Number: |
| --- |

Your name: Michael Herring

*If you checked 5a on page 1, do not fill out below. If you checked 5b, fill out questions 7, 8, and 9 only. If you checked 5c, you **must** fill out this entire page. If you need more space, attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.*

**(7)** ☐ Check here if your income changes a lot from month to month. If it does, complete the form based on your average income for the past 12 months.

**(8) Your Gross Monthly Income**

a. List the source and amount of *any* income you get each month, including: wages or other income from work before deductions, spousal/child support, retirement, social security, disability, unemployment, military basic allowance for quarters (BAQ), veterans payments, dividends, interest, trust income, annuities, net business or rental income, reimbursement for job-related expenses, gambling or lottery winnings, etc.

| (1) Supplemental Security Income | $900 |
| --- | --- |
| (2) _____ | $_____ |
| (3) _____ | $_____ |
| (4) _____ | $_____ |

b. Your total monthly income: $900

**(9) Household Income**

a. List the income of all other persons living in your home who depend in whole or in part on you for support, or on whom you depend in whole or in part for support.

| Name | Age | Relationship | Gross Monthly Income |
| --- | --- | --- | --- |
| (1)_____ | | | $_____ |
| (2)_____ | | | $_____ |
| (3)_____ | | | $_____ |
| (4)_____ | | | $_____ |

b. Total monthly income of persons above: $0

Total monthly income *and*
household income *(8b plus 9b):* $900

To list any other facts you want the court to know, such as unusual medical expenses, etc., attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.

*Check here if you attach another page.* ☐

*Important!* If your financial situation or ability to pay court fees improves, you must notify the court within five days on form FW-010.

**(10) Your Money and Property**

a. Cash $0

b. All financial accounts *(List bank name and amount):*
   (1) _____ $_____
   (2) _____ $_____
   (3) _____ $_____

c. Cars, boats, and other vehicles

| | Make / Year | Fair Market Value | How Much You Still Owe |
| --- | --- | --- | --- |
| (1) | _____ | $_____ | $_____ |
| (2) | _____ | $_____ | $_____ |
| (3) | _____ | $_____ | $_____ |

d. Real estate

| | Address | Fair Market Value | How Much You Still Owe |
| --- | --- | --- | --- |
| (1) | _____ | $_____ | $_____ |
| (2) | _____ | $_____ | $_____ |

e. Other personal property (jewelry, furniture, furs, stocks, bonds, etc.):

| | Describe | Fair Market Value | How Much You Still Owe |
| --- | --- | --- | --- |
| (1) | _____ | $_____ | $_____ |
| (2) | _____ | $_____ | $_____ |

**(11) Your Monthly Deductions and Expenses**

a. List any payroll deductions and the monthly amount below:
   (1) _____ $_____
   (2) _____ $_____
   (3) _____ $_____
   (4) _____ $_____

b. Rent or house payment & maintenance $800
c. Food and household supplies $250
d. Utilities and telephone $_____
e. Clothing $_____
f. Laundry and cleaning $75
g. Medical and dental expenses $_____
h. Insurance (life, health, accident, etc.) $_____
i. School, child care $_____
j. Child, spousal support (another marriage) $_____
k. Transportation, gas, auto repair and insurance $_____
l. Installment payments *(list each below)*:
   Paid to:
   (1) _____ $_____
   (2) _____ $_____
   (3) _____ $_____

m. Wages/earnings withheld by court order $0
n. Any other monthly expenses *(list each below).*
   Paid to: How Much?
   (1) _____ $_____
   (2) _____ $_____
   (3) _____ $_____

Total monthly expenses *(add 11a – 11n above):* $1,125

## FW-003

### Order on Court Fee Waiver
### (Superior Court)

*Clerk stamps date here when form is filed.*

**(1) Person who asked the court to waive court fees:**

Name: Michael Herring

Street or mailing address: 524 N. La Brea Ave.

City: Inglewood          State:  CA     Zip: 90302

**(2) Lawyer, if person in (1) has one** *(name, address, phone number, e-mail, and State Bar number):* Randy H. McMurray, Esq. (SBN 126888) MCMURRAY HENRIKS, LLP 811 Wilshire Blvd., Suite 1640 Los Angeles, California 90017; Telephone: (323) 931-6200; Email: rmcmurray@law-mh.com

*Fill in court name and street address:*
**Superior Court of California, County of**
Los Angeles

**(3)** A request to waive court fees was filed on *(date):* August 15, 2019

☐ The court made a previous fee waiver order in this case on *(date):*

*Fill in case number and name:*
**Case Number:**

*Read this form carefully. All checked boxes ☑ are court orders.*

**Case Name:**

---

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:   ☐ *Request to Waive Court Fees*   ☐ *Request to Waive Additional Court Fees*
*the court makes the following orders:*

a. ☐ The court **grants** your request, as follows:

(1) ☐ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in Superior Court
- Making copies and certifying copies
- Sheriff 's fee to give notice
- Court fee for phone hearing

- Giving notice and certificates
- Sending papers to another court department
- Court-appointed interpreter in small claims court

- Reporter's fee for attendance at hearing or trial, if reporter provided by the court
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☒ Jury fees and expenses
☒ Fees for court-appointed experts
☐ Other *(specify):* _____

☒ Fees for a peace officer to testify in court
☒ Court-appointed interpreter fees for a witness

---

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2015, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

| | Case Number: |
|---|---|
| Your name: | |

b. ☐ The court **denies** your fee waiver request, as follows:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ The court **denies** your request because it is incomplete. You have **10 days** after the clerk gives notice of this order (see date of service on next page) to:

  • Pay your fees and costs, or

  • File a new revised request that includes the items listed below *(specify incomplete items):*

(2) ☐ The court **denies** your request because the information you provided on the request shows that you are not eligible for the fee waiver you requested *(specify reasons):* _____

_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court),* form FW-006. You have **10 days** after the clerk gives notice of this order (see date of service below) to:

  • Pay your fees and costs in full or the amount listed in c. below, or

  • Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. ☐ The court needs more information to decide whether to grant your request. You must go to court on the date below. The hearing will be about *(specify questions regarding eligibility):* _____

_____

☐ Bring the following proof to support your request if reasonably available:

_____

| | | | Name and address of court if different from above: |
|---|---|---|---|
| **Hearing Date** | Date: _____ | Time: _____ | _____ |
| | Dept.: _____ | Room: _____ | _____ |

> **Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: _____  *Signature of (check one):*  ☐ *Judicial Officer*  ☐ *Clerk, Deputy*

**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation,* Form MC-410. (Civil Code, § 54.8.)

### Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*  ☐ A certificate of mailing is attached.

☐ I handed a copy of this order to the party and attorney, if any, listed in ① and ② at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* _____, California on the date below.

Date: _____  Clerk, by _____, Deputy

**This is a Court Order.**

**Priority: 0 - DEFAULT**

┌─ **Claim Information** ──────────────────────────────────────────────────────

| | | |
|---|---|---|
| **File:** | **File Status:** | **TPA/Adj. Party:** |
| 19-1149540*001 | Closed | COUNTY COUNSEL |
| **Claimant:** | **File Opened:** | **County Counsel Lead Attorney/Adjuster:** |
| HERRING, MICHAEL | 2/8/2019 | DOLAN, BARBARA |
| **Coverage:** | **File Closed:** | |
| GL | 3/22/2019 | |
| **Loss Date:** | **File Re-opened:** | |
| 10/7/2018 | | |

**Event Description:** CLAIMANT MICHAEL HERRING ALLEGES ON OR ABOUT 10/7/2018, A SHERIFF`S DEPUTY AT THE MEN`S CENTRAL JAIL CLOSED THE CELL DOOR TWICE ON HIS FINGERS WITHOUT ANY WARNING. CLAIMANT ALSO ALLEGES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. CLAIMANT FURTHER ALLEGES NEGLIGENT HIRING, TRAINING AND SUPERVISION OF THE DEPUTY. DAMAGE = $1M.

┌─ **Financial Information** ──────────────────────────────────────────────────

| | Indemnity | In-House Fees | In-House/TPA Expenses | In-House Sub-Total | Contract LF Fees | Contract LF Expenses | Contract LF Sub-Total | Grand Total |
|---|---|---|---|---|---|---|---|---|
| Budget | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Paid | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Outstanding | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Department:**

1. SHERIFF-CUSTODY SERVICES DIVISION-GENERAL POPULATION-MEN`S CENTRAL JAIL

**Fund Allocation:**

SHERIFF DEPARTMENT GENERAL FUND

**Fund Allocation %:**

100%

**Projected Fiscal Payout:** 2018-2019

**Final Settlement Date:**

**Liability Percentage Range:** 0% - 24%

**Final Settlement Amount:** $0.00

| ⟨↑⟩ | | | | | | |
|---|---|---|---|---|---|---|
| # | Entry Dt. | Type | Due Dt. | Diary To | Rev. Dt. | Author |
| 1. | 5/16/2019 | DISPOSITION | | | | |

READ AND REVIEWED LASD REPORT DATED 5/13/2019, ATTACHED ELECTRONICALLY TO FILE. DEPARTMENT CHANGED PER REPORT. RECOMMENDATION IS TO DENY CLAIM AS AN INVESTIGATION LOCATED A CCTV RECORDING SHOWING THAT CLAIMANT TRIED TO KEEP THE CELL GATE FROM CLOSING AFTER AN ANNOUNCEMENT WAS MADE OVER THE PA, "WATCH THE GATES, GATES ARE CLOSING." REPORT ALSO NOTED CLAIMANT WAS TAKEN TO THE JAIL CLINIC FOR TREATMENT IN LESS THAN 10 MINUTES AFTER THE INCIDENT. HOWEVER, CLAIM WAS DENIED ON 3/22/2019 (SENT 3/22/2019). CLAIM TO REMAIN CLOSED. NO FURTHER ACTION NEEDED.

| | | | | | | |
|---|---|---|---|---|---|---|
| 2. | 5/15/2019 | | | | | |

RECIEVED SHERIFF`S INVESTIGATION REPORT TO DENY.

| | | | | | | |
|---|---|---|---|---|---|---|
| 3. | 3/22/2019 | | | | | |

STATUTORY DENIAL LETTER MAILED OUT.

| | | | | | | |
|---|---|---|---|---|---|---|
| 4. | 3/21/2019 | OK TO CLOSE FILE | 4/18/2019 | BDOLAN | 3/22/2019 | CEDWARDS |
| 5. | 3/21/2019 | FOR LETTER/MEMORANDUM SIGNATURE | 3/22/2019 | BDOLAN | 3/22/2019 | CEDWARDS |

NO RESPONSE FROM LASD. DENIAL LETTER WITH ATTY LC FOR REVIEW AND SIGNATURE.

| | | | | | | |
|---|---|---|---|---|---|---|
| 6. | 3/21/2019 | CLAIM_DENIAL | 3/25/2019 | BDOLAN | 3/21/2019 | BDOLAN |

CE TO GENERATE DENIAL BY OPERATION OF LAW LETTER DATED 3/22/2019. DENIAL DATE IS THE SAME.

| | | | | | | |
|---|---|---|---|---|---|---|
| 7. | 3/20/2019 | RESPONSE DUE TO CLAIMANT | 3/20/2019 | BDOLAN | 3/20/2019 | BDOLAN |

RESPONSE DUE TO CLAIMANT

| | | | | | | |
|---|---|---|---|---|---|---|
| 8. | 3/19/2019 | CORRES | | | | |

REMINDER TO DEPT. ATTACHED ELECTRONICALLY TO FILE.

| | | | | | | |
|---|---|---|---|---|---|---|
| 9. | 3/19/2019 | CORRES | | | | |

SENT REMINDER TO DEPT. THAT THEIR RESPONSE IS DUE AND THAT IF NO RESPONSE, CLAIM TO BE STATUTORILY DENIED ON FRIDAY, 3/22/2019.

| | | | | | | |
|---|---|---|---|---|---|---|
| 10. | 3/10/2019 | RESPONSE DUE FROM DEPARTMENT | 3/10/2019 | BDOLAN | 3/15/2019 | BDOLAN |

RESPONSE DUE FROM DEPARTMENT

| | | | | | | |
|---|---|---|---|---|---|---|
| 11. | 3/5/2019 | RESPONSE DUE TO CLAIMANT | 3/15/2019 | BDOLAN | 3/21/2019 | BDOLAN |

45 DAYS = 3/22/2019 *(Fwd. from 3/22/2019)*

| | | | | | | |
|---|---|---|---|---|---|---|
| 12. | 3/5/2019 | DEPT RESPONSE DUE - INITIAL CLAIM ONLY | 3/15/2019 | BDOLAN | 3/8/2019 | BDOLAN |
| 13. | 2/11/2019 | NOTICE OF INSUFFICIENCY | 2/21/2019 | BDOLAN | 2/22/2019 | BDOLAN |

2/25/2019 =LAST DAY TO SEND NOI.

| | | | | | | |
|---|---|---|---|---|---|---|
| 14. | 2/11/2019 | RESPONSE DUE TO CLAIMANT | 3/22/2019 | BDOLAN | | |

45 DAYS = 3/22/2019 *(Fwd. to 03/15/2019)*

| | | | | | | |
|---|---|---|---|---|---|---|
| 15. | 2/11/2019 | RESPONSE DUE TO CLAIMANT | 3/8/2019 | BDOLAN | 3/21/2019 | BDOLAN |

45 DAYS =3/22/2019

| | | | | | | |
|---|---|---|---|---|---|---|
| 16. | 2/11/2019 | DEPT RESPONSE DUE - INITIAL CLAIM ONLY | 3/5/2019 | BDOLAN | 3/5/2019 | BDOLAN |

RECEIVED NEW CLAIM TIMELY PRESENTED TO BOS ON 2/5/2019, PER POST MARK. CHECKED SYS FOR DUPS/RELATED CLAIMS: FOUND NONE. CLAIMANT MICHAEL HERRING ALLEGES ON OR ABOUT 10/7/2018, A SHERIFF`S DEPUTY AT THE MEN`S CENTRAL JAIL CLOSED THE CELL DOOR TWICE ON HIS FINGERS WITHOUT ANY WARNING. CLAIMANT ALSO ALLEGES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. CLAIMANT FURTHER ALLEGES NEGLIGENT HIRING, TRAINING AND SUPERVISION OF THE DEPUTY. DAMAGES = $1 MILLION. SENT ELECTRONIC COPY OF CLAIM TO LASD FOR INVESTIGATION.

| | | | | | | |
|---|---|---|---|---|---|---|
| 17. | 2/11/2019 | SEND REQUEST FOR RESPONSE TO DEPT | 2/16/2019 | BDOLAN | 2/11/2019 | BDOLAN |

SEND REQUEST FOR RESPONSE TO DEPT

| | | | | | | |
|---|---|---|---|---|---|---|
| 18. | 2/8/2019 | CLAIM ADDED | 2/8/2019 | | | |

CLAIM ADDED



# OFFICE OF THE SHERIFF

## COUNTY OF LOS ANGELES

## HALL OF JUSTICE



ALEX VILLANUEVA, SHERIFF

CONFIDENTIAL

May 13, 2019

Ruben Baeza, Jr.
Assistant County Counsel
Office of the County Counsel
General Litigation Division

Dear Mr. Baeza:

### CLAIM OF MICHAEL HERRING, DOCKET #19-1149540*001

The attached inquiry and recommendation have been submitted by the concerned unit commander in response to the above claim. The recommendation is to deny this claim.

All costs associated with this claim or any subsequent lawsuit should be billed against the Sheriff's Judgement & Damages Fund.

If we may be of further assistance in this matter, please feel free to contact the Civil Litigation Unit at (323) 890-5400.

Sincerely,

ALEX VILLANUEVA, SHERIFF

Kimberly L. Unland, Captain
Risk Management Bureau

3. SHERIFF-PERSONNEL & TRAINING COMMAND HQ
   - SHERIFF-PERSONNEL & TRAINING COMMAND-PERSONNEL ADMINISTRATION (PER)
   - SHERIFF-PERSONNEL & TRAINING COMMAND-TRAINING BUREAU (TB)

SHERIFF-OFFICE OF THE ASSISTANT SHERIFFS-CUSTODY OPERATIONS

1. SHERIFF-PERSONNEL & TRAINING COMMAND-CUSTODY TRAINING BUREAU (CTB)
2. SHERIFF-CUSTODY SERVICES DIVISION:GENERAL POPULATION HQ (ADM/CG)
   - SHERIFF-CUSTODY SERVICES DIVISION:GENERAL POPULATION-MEN'S CENTRAL JAIL (MCJ)
   - SHERIFF-CUSTODY SERVICES DIVISION:GENERAL POPULATION-INMATE RECEPTION CENTER (IRC)
   - SHERIFF-CUSTODY SERVICES DIVISION:GENERAL POPULATION-CUSTODY INVESTIGATIVE SERVICES (CIS)
   - SHERIFF-CUSTODY SERVICES DIVISION:GENERAL POPULATION-PDC EAST FACILITY (CG/EST)
   - SHERIFF-CUSTODY SERVICES DIVISION:GENERAL POPULATION-NORTH COUNTY CORRECTIONAL FACILITY (NCF)
   - SHERIFF-CUSTODY SERVICES DIVISION:GENERAL POPULATION-PDC NORTH FACILITY (NO)
   - SHERIFF-CUSTODY SERVICES DIVISION:GENERAL POPULATION-PDC SOUTH FACILITY (SO)
   - SHERIFF-CUSTODY SERVICES DIVISION:GENERAL POPULATION-POPULATION MANAGEMENT BUREAU (PMB)
3. SHERIFF-CUSTODY SERVICES DIVISION:SPECIALIZED PROGRAMS HQ (CSH)
   - SHERIFF-CUSTODY SERVICES DIVISION:SPECIALIZED PROGRAMS-TWIN TOWERS CORRECTIONAL FACILITY (TT)
   - SHERIFF-CUSTODY SERVICES DIVISION:SPECIALIZED PROGRAMS-MEDICAL SERVICES BUREAU (MSB)
   - SHERIFF-CUSTODY SERVICES DIVISION:SPECIALIZED PROGRAMS-EDUCATION BASED INCARCERATION/INMATE SERVICES BUREAU (EBI)
   - SHERIFF-CUSTODY SERVICES DIVISION:SPECIALIZED PROGRAMS-MIRA LOMA DETENTION CENTER (MLF)
   - SHERIFF-CUSTODY SERVICES DIVISION:SPECIALIZED PROGRAMS-CUSTODY COMPLIANCE & SUSTAINABILITY BUREAU (CD/CCS)
   - SHERIFF-CUSTODY SERVICES DIVISION:SPECIALIZED PROGRAMS-CENTURY REGIONAL DETENTION FACILITY (CRD)
   - SHERIFF-CUSTODY SERVICES DIVISION:SPECIALIZED PROGRAMS-FOOD SERVICES UNIT (FDS)
4. SHERIFF-CUSTODY SERVICES DIVISION:ADMINSTRATION COMMAND HQ
   - SHERIFF-CUSTODY SERVICES DIVISION:ADMINISTRATION COMMAND-CUSTODY SUPPORT SERVICES BUREAU (CSS)

ATTORNEY-CLIENT AND/OR ATTORNEY WORK PRODUCT PRIVILEGE HIGHLY CONFIDENTIAL IS SUBJECT TO THE MATERIAL



# Los Angeles County Sheriff's Department
## Civil Litigation Unit

## Civil Claim Disposition Worksheet

Claimant: _____ MICHAEL HERRING _____

Docket # _____ 19-1149540*001 _____

- ☒ Deny
- ☐ Appropriately Settle
- ☐ Pay
- ☐ Administrative Closure

Evaluator: Sergeant James Wilson #283307    Date: 5/7/19

Reviewer: Sergeant James Wilson #283307    Date: 5/7/19

Approver: _____    Date: 5/7/19

Comments:

- ☐ Contract Cities Liability Trust Fund
- ☒ Sheriff's Judgement & Damages Fund
- ☐ Transit Services / MTA Liability Trust Fund
- ☐ Private Entity Trust Fund

SH-AD-32A (8/17)

**COUNTY OF LOS ANGELES**
# SHERIFF'S DEPARTMENT
*"A Tradition of Service Since 1850"*

DATE: March 26, 2019

FILE NO:

OFFICE CORRESPONDENCE

For:

**FROM:** BRUCE D. CHASE, CHIEF
CUSTODY SERVICES DIVISION
GENERAL POPULATION

**TO:** MATTHEW J. BURSON, CHIEF
PROFESSIONAL STANDARDS
AND TRAINING DIVISION

**ATTN:** KIMBERLY L. UNLAND, CAPTAIN
RISK MANAGEMENT BUREAU

**SUBJECT: CIVIL CLAIM OF MICHAEL HERRING – DOCKET #19-1149540*001**

I have reviewed the attached investigation submitted by Captain Jason P.
Wolak in response to the February 5, 2019, civil claim filed by Inmate
Michael Herring, booking number 5436356. The civil claim response
conforms to Unit Commander's Letter #374 and is forwarded to you for your
review and disposition.

BDC:APK:apk

SH-AD-32A (8/17)

**COUNTY OF LOS ANGELES**
# SHERIFF'S DEPARTMENT
*"A Tradition of Service Since 1850"*

DATE: March 26, 2019
FILE NO:

OFFICE CORRESPONDENCE

**FROM:** JASON P. WOLAK, CAPTAIN
MEN'S CENTRAL JAIL

**TO:** BRUCE D. CHASE, CHIEF
CUSTODY SERVICES DIVISION
GENERAL POPULATION

**SUBJECT: CIVIL CLAIM OF MICHAEL HERRING – DOCKET #19-1149540*001**

| | |
|---|---|
| **Claimant:** | Michael Herring |
| **Incident Date/Time:** | October 7, 2018 |
| **Incident Location:** | Module 3700 C-19<br>441 Bauchet Street<br>Los Angeles, California 90012 |
| **Primary Deputy(s):** | None |
| **Civilian Witnesses:** | None |
| **Alleged Loss:** | In excess of $1,000,000 and within the unlimited<br>Jurisdiction of the Superior Court of California |

Claimant Michael Herring alleged that on October 7, 2018, custody personnel assigned to his housing at MCJ Module 3700 failed to make an announcement before closing the cell gates. As a consequence, the claimant's left middle finger was pinched between the metal bars causing severe pain and anguish.

Sergeant Jorge Balares, #516503, reviewed the CCTV recording at module 3700. The CCTV showed three angles of the module where the incident occurred. Sergeant Balares confirmed the claimant's finger did in fact get caught between the metal bar and the metal cage door as documented in the Inmate Injury Report written on October 7, 2018.

As the gates closed slowly, Claimant Herring then stood by the doorway and appeared to try to stop the gate from closing while his cellmate finished sweeping the floor.

Nurse Monsanto evaluated and treated Mr. Herring for a deep laceration and mild bleeding of the left middle finger.

JPW:APK:apk

CONFIDENTIAL
THIS MATERIAL IS SUBJECT TO THE
ATTORNEY-CLIENT AND/OR THE
ATTORNEY WORK PRODUCT PRIVILEGES

## Claim Response Documentation/Materials Check-Off List
### Claim of MICHAEL HERRING, Docket #19-1149540*001

This form is to be used in conjunction with your claim response and is designed to expedite the information collection process, and avoid the possible oversight of items critical to claims investigations and civil litigation.

Items listed that are not included with the claim response to Civil Litigation Unit shall be preserved at the unit level in accordance with MPP Sections 5-07/290.15 and 5-04/020.15.

| Documentation/Material | Include | Available | N/A | If "Available" held at: |
|---|---|---|---|---|
| Incident/Supplementary Reports | | | X | |
| Traffic Collision Report/Supps | | | X | |
| Memoranda | X | | | |
| Supervisor's Use of Force Report | | | X | |
| Watch Commander Log Entry | | | X | |
| Service Comment Report | | | X | |
| Inmate Incident Report | | | X | |
| Jailer Gatebook Pages | | | Y | |
| Inmate Injury Report | X | | | |
| In-Service Sheet | X | | | |
| Station Log | | | X | |
| Citation | | | X | |
| Booking Slip | | | X | |
| Booking Photos | | | X | |
| Property Slip | | | X | |
| Interviews Audio/Video | | | X | |
| Investigation Photos | | | X | |
| MDT-Deputy Daily Worksheet | | | X | |
| MDT-Unit History | | | X | |
| Station Phone Tapes - 911, etc. | | | X | |
| Radio Transmission Tapes | | | X | |
| Deputy Personal Tapes | | | X | |
| Medical Records in Custody | | | X | |
| Medical Records After Care | | | X | |
| Medical Housing Locations | | | X | |
| Medical Screening Sheet | | | X | |
| Inmate Housing Locations | X | | | |
| SEB/Canine Activation Form | | | X | |
| Search Warrant Operation Plan | | | X | |
| Search Warrant Photos | | | X | |
| Search Warrant and Affidavit | | | X | |
| Search Warrant RIB Form | | | X | |
| District Atty Filings | | | X | |
| District Atty Dispositions | | | X | |
| District Atty Docket Sheet | | | X | |
| Probation Report | | | X | |
| D.B. Case Activity Log | | | X | |
| Aero Bureau Flight Log | | | X | |
| Juvenile Detention Forms | | | X | |
| Employee Injury Report | | | X | |
| Boating Incident Report | | | X | |
| Other Video/Audio Tapes | | | X | |

THIS MATERIAL IS SUBJECT TO THE ATTORNEY-CLIENT AND/OR ATTORNEY WORK PRODUCT PRIVILEGES

CONFIDENTIAL

## *Claim of MICHAEL HERRING, Docket #19-1149540\*001*

**Other Physical Evidence** (use additional pages, if necessary)

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

CONFIDENTIAL
THIS MATERIAL IS SUBJECT TO THE
ATTORNEY-CLIENT AND/OR THE
ATTORNEY WORK PRODUCT PRIVILEGES

## Claim of MICHAEL HERRING, Docket #19-1149540*001

### ALL QUESTIONS ARE REQUIRED TO BE ANSWERED. THE INFORMATION PROVIDED BELOW WILL DETERMINE FUNDING SOURCE.

**Involved Deputy(s)** (use additional pages, if necessary)

Name: _N/A_____Employee #_____

Unit I. D. # (i.e. 48A) _____

Was Deputy a contract city funded item? _____ Name of contract city: _____

Did the incident occur in a contract city? _____

Address_____

Was the Deputy on contract city business? _____

Was this Deputy an unincorporated funded item? _____

Was this Deputy a MTA funded item? _____

Was this a special contract event? _____


Name: _____Employee #_____

Unit I. D. # (i.e. 48A) _____

Was Deputy a contract city funded item? _____ Name of contract city: _____

Did the incident occur in a contract city? _____

Address_____

Was the Deputy on contract city business? _____

Was this Deputy an unincorporated funded item? _____

Was this Deputy a MTA funded item? _____

Was this a special contract event? _____


Name: _____Employee #_____

Unit I. D. # (i.e. 48A) _____

Was Deputy a contract city funded item? _____ Name of contract city: _____

Did the incident occur in a contract city? _____

Address_____

Was the Deputy on contract city business? _____

Was this Deputy an unincorporated funded item? _____

Was this Deputy a MTA funded item? _____

Was this a special contract event? _____

THIS MATERIAL IS SUBJECT TO THE ATTORNEY-CLIENT AND/OR ATTORNEY WORK PRODUCT PRIVILEGES CONFIDENTIAL

## *Claim of MICHAEL HERRING, Docket #19-1149540\*001*

**Supporting Deputy(s)** (use additional pages, if necessary)

Name: _____ Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

Name: _____ Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

Name: _____ Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

Name: _____ Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

Name: _____ Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

Name: _____ Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

## Unit Commander Assessment
### *Claim of MICHAEL HERRING, Docket #19-1149540*001*

Please ensure the following issues are assessed.   Use the space below to explain your assessment and any potential or actual performance, training, policy or disciplinary issues raised by this claim, as well as any recommendations you have for addressing them.

| | Applicable | N/A |
|---|---|---|
| 1. Evaluate whether this claim fits into a pattern of conduct by the involved Applicable N/A officer, whether previously complained about or not.   Has the officer made many similar arrests or stops?   Have there been past similar complaints? | | ✗ |
| 2. Evaluate whether this claim fits into a pattern of conduct by the involved shift, whether previously complained about or not.   Have there been past similar complaints? | | ✗ |
| 3. Evaluate whether any law, policy, practice, procedure, or training was violated during the incident resulting in the claim (including all conduct that led to the specific conduct complained about). If so, which one and how? | | ✗ |
| 4. Was the incident something which should have been reported but was not? | | ✗ |
| 5. Evaluate whether, even if there were no violation of a law, policy, practice, procedure or training, could/should the situation that gave rise to the claim have been avoided in the first place? If so, how? | | ✗ |
| 6. Did any policy, practice, procedure or training by the department lead to or contribute to the alleged misconduct underlying the claim?   Should it be changed?   What changes would you recommend? | | ✗ |
| 7. Does this incident and the resulting claim suggest that the department should adopt any policy, practice, procedure or training to prevent future recurrence of a similar incident? What would you suggest? | | ✗ |
| 8. Is an internal administrative or criminal investigation of the incident that led to the claim warranted? Why or why not? | | ✗ |

Date: 4 · 17 · 19   Unit Commander Signature: _____
(Attach additional sheets as needed.)

THIS MATERIAL IS SUBJECT TO ATTORNEY-CLIENT AND/OR THE ATTORNEY WORK PRODUCT PRIVILEGES CONFIDENTIAL

**COUNTY OF LOS ANGELES**

# SHERIFF'S DEPARTMENT

*"A Tradition of Service Since 1850"*

DATE: March 26, 2019
FILE NO:

#### OFFICE CORRESPONDENCE

**FROM:** STACY MORGAN, LIEUTENANT  **TO:** JASON P. WOLAK, CAPTAIN
MEN'S CENTRAL JAIL       RUTHIE DAILY, CAPTAIN
                MEN'S CENTRAL JAIL

### SUBJECT: CIVIL CLAIM OF MICHAEL HERRING – DOCKET #19-1149540*001

On February 5, 2019, a civil claim was filed with the Los Angeles County Board of Supervisors by former inmate Michael Herring, booking number 5436356, naming the Sheriff's Department and/or its personnel as defendants.

The Claimant is requesting the following in damages:

- In excess of $1,000,000 and within the unlimited jurisdiction of the Superior Court of California

### SYNOPSIS

Claimant Michael Herring alleged that on October 7, 2018, custody personnel assigned to his housing at MCJ Module 3700 failed to make an announcement before closing the cell gates. As a consequence, the claimant's left middle finger was pinched between the metal bars causing severe pain and anguish.

### FINDINGS

A review of Men's Central Jail records was completed to assist in the investigation of the Claimants allegations. The review included Inmate Information, Inmate Complaints, Inmate Injury Report, Inmate Total Movement History, In-services and a CCTV Recording of the incident.

Sergeant Jorge Balares, #516503, reviewed the CCTV recording at module 3700. The CCTV shows three angles of the module where the incident occurred.

On October 7, 2018, at approximately 8:56 pm, inmates were seen outside of their cells on C row. Claimant Michael Herring was one of those inmates.

Moments later most of the inmates, except one, went inside their cells. This indicated an audible announcement over the PA system was made for them to go back inside the cell. The one inmate who stayed outside was seen waving his hand towards the officer's cage. The inmate gestured with his hand to keep the gates open for him to sweep his cell. The inmate was then seen sweeping the floor with a shirt or a towel, ignoring the closing gates.

As the inmate swept the floor, Claimant Michael Herring came out of the same cell and handed something to another inmate in a neighboring cell. As the gates closed slowly, Claimant Herring then stood by the doorway and appeared to try to stop the gate from closing, while his cellmate finished sweeping the floor.

The inmate sweeping the floor suddenly stopped sweeping and waved his arms towards the booth and pointed toward the Claimant.

Within seconds, a deputy was seen responding immediately to the location. He was followed by several other custody personnel to investigate what happened.

Sergeant Balares reviewed the Inmate Injury Report written on the same day by Deputy Bryan Martin, #644805. Claimant Herring was taken to the MCJ main clinic immediately, in less than ten minutes after the incident. This indicated that custody personnel assigned to the module acted responsibly and within reason. Claimant Herring was evaluated and treated by Nurse Ria Monsanto, #530876.

Sergeant Balares reviewed the notes of Nurse Monsanto which indicated the Claimant stated he was looking in the other direction of the gate, when his finger was pinched between the metal bar and the moving gate.

Deputy Martin also noted on the injury report that Custody Assistant Danny Ramirez, #638131, made an announcement over the PA system for the inmates to, "Watch the gates, gates are closing."

After reviewing the above documentation, Sergeant Balares confirmed the claimant's finger did in fact get caught between the metal bar and the metal cage door as documented in the Inmate Injury Report written on October 7, 2018. Nurse Monsanto evaluated and treated Mr. Herring for a deep laceration and mild bleeding of the left middle finger.

The review of documents showed that Mr. Herring was injured while incarcerated at the Men's Central Jail.

**CIVIL CLAIM OF MICHAEL HERRING**     **-3-**     **MARCH 26, 2019**

Housing records indicate that the Claimant entered Sheriff's custody under booking number 5436356 on October 2, 2018, and was first housed at MCJ on October 24, 2018. The Claimant was released on November 6, 2018, on a short sentence – release forthwith.

**ATTACHMENTS**:

- DVD containing DVTEL video of incident
- Inmate Injury Report Reference #5100-2018-1007-255, URN #018-04466-5100-687
- Inmate Information sheet
- Inmate Complaints
- Inmate Total Movement History
- In-services

SM:AB:ab

THIS MATERIAL IS SUBJECT TO THE ATTORNEY-CLIENT AND/OR ATTORNEY WORK PRODUCT PRIVILEGES CONFIDENTIAL

( URTS

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
# INMATE INJURY/ILLNESS REPORT
Fill out the form as completely as possible. Please print legibly and place an "X" in the appropriate boxes.

| 1. | UNIFORM REPORTING NUMBER (URN) | 2. | | REFERENCE NUMBER | | | |
|---|---|---|---|---|---|---|---|
| | 018-04466-5100-687 | | | 5100-2018-1007-255 | | | |

| 3. | INMATE NAME | | BOOKING NUMBER | SEX | RACE | D.O.B. |
|---|---|---|---|---|---|---|
| | HERRING, MICHAEL | | 5436366 | M | B | 8-16-68 |
| | HOUSING FACILITY | | BARRACK/MODULE/DORM | | CELL/BUNK | |
| | MENS CENTRAL JAIL | | 3700 | | C-19 | |

TYPE OF HOUSING: ☒ GENERAL POPULATION   ☐ MENTAL HEALTH HOUSING   ☐ MEDICAL HOUSING   ☐ DISCIPLINE   ☐ SEGREGATION K-___

| 4. | INCIDENT LOCATION | TYPE OF LOCATION | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| | 3700 /-19 | CELL | 10-07-18 | 1905 HRS |

5. INMATE APPEARS TO BE SICK:   ☐ YES   ☒ NO
INMATE APPEARS TO BE INJURED:   ☒ YES   ☐ NO
INJURY APPEARS TO BE:   ☒ ACCIDENTAL
☐ REQUIRES FURTHER INVESTIGATION, SEE URN:

AT THE TIME OF THE INCIDENT, THE INMATE WAS: ☒ ALONE   ☐ SEGREGATED   ☐ WITH OTHERS

| ☒ INMATE WAS ESCORTED TO: | FACILITY CLINIC | ESCORTING PERSONNEL NAME | EMPLOYEE # | TIME |
|---|---|---|---|---|
| | MCJ CLINIC | DEPUTY MARTIN, B. | 644805 | 1920 HRS |
| ☐ INMATE WAS TRANSPORTED TO: | NAME OF HOSPITAL | | TRANSPORTATION METHOD | |
| | | | | |

| DEPUTY ESCORTING TO HOSPITAL: | NAME | EMPLOYEE # | DATE | TIME |
|---|---|---|---|---|
| | | | | |
| INMATE EVALUATED/TREATED BY: | NAME OF MEDICAL PERSONNEL/DOCTOR | | DATE | TIME |
| | | | | |
| INMATE DISPOSITION: | ☐ RETURNED TO FACILITY   ☐ ADMITTED TO HOSPITAL | | DATE | TIME |
| | ☐ OTHER _____ | | | |

| 6. | NARRATIVE |
|---|---|

ON THE ABOVE INDICATED DATE AND TIME, WHILE RETURNING I/M ON 3700 MODULE,
CHARLIE ROW FROM PILL CALL AN ANNOUNCEMENT WAS MADE OVER THE PA
"WATCH YOUR FINGERS, GATES CLOSING" BY OFFICER RAMIREZ (E633131) AS
THE GATES WERE CLOSING, I/M HERRING (BKG# 5436356) LEFT HIS LEFT HAND
ON THE BARS AND GOT HIS LEFT MIDDLE FINGER STUCK BETWEEN THE BARS. ONCE OTHER
INMATES YELLED THAT I/M HERRING'S FINGERS WERE STUCK, OFFICER RAMIREZ
IMMEDIATELY OPENED THE GATES.

I IMMEDIATELY CALLED FOR A MEDICAL EMERGENCY VIA MY HANDHELD RADIO.

I THEN ESCORTED I/M HERRING TO THE MENS CENTRAL JAIL MAIN CLINIC FOR FURTHER EVALUATION

I/M INJURIES WERE NOT A RESULT OF NOR DID INVOLVED USE OF FORCE

SERGEANT (notes):   ☐ INMATE INTERVIEWED   ☒ NO ALLEGATION OF FORCE          /S/S/ DURAN          293982
**If a use of force is involved or an alleged use of force, the "Use of Force-Medical Report" shall be completed

| 7. SUBMITTED BY: | NAME | EMPLOYEE NUMBER | DATE |
|---|---|---|---|
| | DEPUTY MARTIN, B. | 644805 | 10-7-18 |

| 8. APPROVED BY: | NAME | EMPLOYEE NUMBER | DATE |
|---|---|---|---|
| | S/S/ DURAN | 293982 | 10-7-18 |

SH-J-212 REVISED 02/16

Page 1 of 2

| URN | REFERENCE NUMBER |
|---|---|
| 018-04466 – 5100-687 | 5100-2018-1007-255 |

MEDICAL STATEMENT (LASD MEDICAL PERSONNEL ONLY)

| 9. MEDICALLY CARED FOR BY:    NAME | EMPLOYEE NUMBER | DATE TREATED | TIME TREATED |
|---|---|---|---|
| BONSANTE, R/A | 530892 | 10/9/18 | 1936 A |

**10.**                                    **DESCRIPTION OF INJURY/ILLNESS**

Review pt in main clinic, pt wheelchair assist. staff and
verbally argue. Pt state was looking at the other side of gate when
he did not enter the other gate closing as well. Pt withstand
turns to lift middle finger, also with clip. Laceration moderate
bleeding. Lac push applied and wound care done. Will transfer
pt to urgent care for evaluation

☐ INJURY   ☐ ILLNESS   FOLLOW-UP TREATMENT RECOMMENDED  ☐ YES   ☐ NO   ☐ Radio Car   ☐ AMBULANCE   ☐ PARAMEDICS

| **11.**        MEDICAL STATEMENT – HOSPITAL (ACUTE CARE PERSONNEL ONLY) | | ☐ NOT APPLICABLE (TREATED AT CUSTODY FACILITY) | |
|---|---|---|---|
| **EVALUATED AND/OR TREATED BY** | **EMPLOYEE OR ID #** | **DATE TREATED** | **TIME TREATED** |
| | | | |
| | | | |

INMATE APPEARS TO SICK/ILL:                    ☐ YES   ☐ NO
DIAGNOSIS RELATED TO ILLNESS ONLY:      ☐ YES   ☐ NO
INMATE APPEARS TO BE INJURED:             ☐ YES   ☐ NO
DIAGNOSIS/DESCRIPTION OF INJURY: _____

DIAGNOSIS PENDING FINAL DIAGNOSTIC READING:   ☐   YES   ☐   NO
☐   ADMITTED TO HOSPITAL
☐   OK TO BOOK BY DOCTOR: _____

TRANSPORTATION, SECURITY AND HOUSING
MEDICALLY CLEAR TO TRANSPORT VIA: ☐ RADIO CAR ☐ AMBULANCE
SAFETY CRITERIA: ☐ SAFETY CELL   ☐ LOW BUNK
SUICIDE PRECAUTIONS:   ☐ YES     ☐   NO

TRANSFER TO: _____
☐ HOSPITAL DISCHARGE FORM INCLUDED
☐ FOLLOW-UP TREATMENT RECOMMENDED:        ☐ YES   ☐ NO

Covered entities can make disclosures of Patient Health Information (PHI) to a correctional institution, per 45 Code of Federal Regulations (CFR) section 164.512(K)(5)(II)(A)-(F)
Covered entities may disclose to a correctional institution or law enforcement official having lawful custody of an inmate or other individual PHI about such inmate or individual, if the correctional
institution or such law enforcement officials represents that such protected health information is necessary for:
- The provision of health care to such individuals;
- The health and safety of:
  - o    Such individuals or other inmates;
  - o    The officers or employees of or others at the correctional institution;
  - o    Individuals and officers or other persons responsible for the transporting of inmate or their transfer from one institution, facility, or setting to another;
- Law enforcement on the premises of the correctional institution
- The administration and maintenance of the safety, security and good order of the correctional institution

| **12.** | **INMATE STATEMENT** |
|---|---|
| T/C REFUSAL. | |

| INMATE SIGNATURE | DEPUTY MARTIN, B.   #644805 | ☒ REFUSED   ☐ INCAPACITATED |
|---|---|---|

| **13.**          **WITNESS NAME** | **BOOKING NUMBER** | **HOUSING LOCATION** |
|---|---|---|
| SINGLE MAN CELL | | |
| UNABLE TO LOCATE ON WITNESSES | | |

WITNESS SIGNATURE

| **14.**              **WATCH COMMANDER** | | **EMPLOYEE NUMBER** |
|---|---|---|
| LT. | ☐ ENTERED INTO W/C LOG | 225702 |

IN THE EVENT THE INMATE IS HOSPITALIZED, MEDICAL SERVICES BUREAU – QUALITY MANAGEMENT UNIT
SHALL BE NOTIFIED AT: (213)893-5505 OR THROUGH THE OUTLOOK EMAIL GROUP "WSTM"

| **15.**   NAME OF QUALITY ASSURANCE NURSE NOTIFIED | EMPLOYEE NUMBER | TIME NOTIFIED | NOTIFIED BY |
|---|---|---|---|
| | | | ☐ TELEPHONE   ☐ EMAIL |

SH-J-212 REVISED 02/16

## INMATE INFORMATION

Booking No.: **5436356**    Last Name: **HERRING**    First Name: **MICHAEL**    Middle Name:

Date Of Birth: **08/16/1968**    Age: **50**    Place Of Birth: **ILCHICAGO**

Sex: **M**    Race: **B**    Hair: **BLK**    Eyes: **BRO**    Height: **602**    Weight: **205**

| Arrest Information |
|---|
| Arrest Date: **09/30/2018**    Arrest Time: **1655** |
| Arrest Agency: **1943**    Agency Description: **LOS ANGELES AIRPORT PD** |
| Arrest Officer Id: **AIRP**    Officer Last Name: **MENDEZ** |
| Search Officer Id: **000000**    Officer Last Name: |
| Transporting Officer Id: **000000**    Officer Last Name: |

| Arrest Charge | | | |
|---|---|---|---|
| Charge No. | Charge Description | Charge Level | Primary |
| 245(A)(1)PC | ADW NOT FIREARM W/GBI | F | Yes |

| Booking Information |
|---|
| Overall Charge Level: **M**    Id Level: **P** |
| Booking Date: **09/30/2018**    Booking Time: **1907** |
| Booking Location: **4214**    Location Description: **LAPD - PACIFIC** |
| Booking Officer Id: **V9412**    Officer Last Name: **HUA** |

| Bail Information |
|---|
| Total Bail Amount: **0**    Total Hold Bail Amount: **0.00**    Grand Total Bail: **0.00** |

| Case Detail | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Case No. | Charge No. | Level | Court Name | Court Address | Court City | Bail Amt. | Fine Amt. | Court Date | Sent. Date | Sent. Day(s) | Disp Code |
| 8AR0180701 | 22810(G)1PC | M | LAX SUPERIOR COURT DEPT W90 | 11701 S. LA CIENEGA BLVD. | LOS ANGELESUPT | 0 | .00 | 10/17/2018 | 10/17/2018 | 90 | SENT |

| Next Court Information |
|---|
| Next Court Case: **8AR0180701**    Next Court Date: **10/17/2018**    Next Court Time: **0830** |
| Court Code: **W90**    Court Name: **LAX SUPERIOR COURT DEPT W90** |
| Court Address: **11701 S. LA CIENEGA BLVD.**    Court City: **LOS ANGELESUPT** |

| Parole/Probation Information |
|---|
| Parole:    Probation:    Prior Arrest: |
| State Parolee Flag:    Prior Offense:    Gang Id:    Homosexual: **N** |
| Classification Remark: **CII DB **FBI**** |

| Home Address |
|---|
| Address: **822 W 84TH STREET**    Apt No.: |

City: **LOS ANGELES**      St  CA     Zip: **00000**

Phone No.: **0000000000**

Marital Status:     Number Of Dependent: **0**     Live with Whom:

Number Of Years At Current Address: **0**     Months: **0**

Number Of Years in LA County: **0**     Months: **0**

Number Of Years in California: **0**     Months: **0**

---

**Employer Information**

Employer Name:     Address Type: **2**

Address:     Apt No.:

City:     State:     Zip: **00000**

Phone No.: **0000000000**     Occupation: **LABORER**

Number Of Years At This Employer: **0**     Months: **0**

Employee At Time Of Arrest?

---

**Housing Information**

Housing Location:     Module:     Row:     Cell:     Bunk:

Permanent Housing Assigned Date: **10/18/2018**     Assigned Time: **0615**     Visitor Status: **N**

Facility:

Address:     City:

---

**Previous Housing Location**

| Facility | Module | Row | Cell | Disp Code | Start Date | Start Time | End Date | End Time |
|----------|--------|-----|------|-----------|-----------|-----------|----------|----------|
| IRC | IRRA | | | | 10/18/2018 | 0615 | 10/18/2018 | 0805 |
| CJ | CJIR | | | | 10/18/2018 | 0556 | 10/18/2018 | 0615 |
| CJ | 3700 | C | 0019 | | 10/04/2018 | 1137 | 10/18/2018 | 0556 |
| CJ | 3700 | | | | 10/04/2018 | 1136 | 10/04/2018 | 1137 |
| IRC | IRCJ | | | | 10/04/2018 | 1109 | 10/04/2018 | 1136 |
| IRC | IRCL | | | | 10/04/2018 | 0859 | 10/04/2018 | 1109 |
| IRC | I231 | D | 19UD | | 10/03/2018 | 2359 | 10/04/2018 | 0859 |
| IRC | I231 | D | 013L | | 10/03/2018 | 1812 | 10/03/2018 | 2359 |
| IRC | I231 | | | | 10/03/2018 | 1753 | 10/03/2018 | 1812 |
| IRC | IRCC | | | | 10/02/2018 | 2116 | 10/03/2018 | 1753 |
| IRC | IRCA | | | | 10/02/2018 | 2017 | 10/02/2018 | 2116 |
| IRC | IRBF | | | | 10/02/2018 | 1937 | 10/02/2018 | 2017 |
| CSD | CRTT | | | | 10/02/2018 | 0830 | 10/02/2018 | 1937 |
| LAPD | 4214 | | | | 09/30/2018 | 1907 | 10/02/2018 | 0830 |

---

**Temporary Movement**

| Date Out | Date In | From Facility | From Module | From Row | From Cell | To Facility | To Module | To Row | To Cell | Terminal Id |
|----------|---------|---------------|-------------|----------|-----------|-------------|-----------|--------|---------|-------------|
| 10/18/2018 0615 | 10/18/2018 0615 | CJ | CJIR | | | IRC | IRRA | | | TTKQ |
| 10/18/2018 0556 | 10/18/2018 0556 | CJ | 3700 | C | 0019 | CJ | CJIR | | | U89R |
| 10/18/2018 0312 | 10/18/2018 0547 | CJ | 3700 | C | 0019 | 25 | | | | TTWS |
| 10/17/2018 0300 | 10/18/2018 0141 | CJ | 3700 | C | 0019 | W90 | | | | |
| 10/16/2018 1433 | 10/16/2018 1526 | CJ | 3700 | C | 0019 | 52 | | | | C59C |
| 10/16/2018 1420 | 10/16/2018 1422 | CJ | 3700 | C | 0019 | 602 | | | | C238 |
| 10/16/2018 0827 | 10/16/2018 0828 | CJ | 3700 | C | 0019 | 23 | | | | |
| 10/16/2018 0642 | 10/16/2018 0827 | CJ | 3700 | C | 0019 | 28 | | | | C25S |
| 10/15/2018 2207 | 10/16/2018 0018 | CJ | 3700 | C | 0019 | 52 | | | | |
| 10/15/2018 1157 | 10/15/2018 2207 | CJ | 3700 | C | 0019 | 48 | | | | C22Z |
| 10/15/2018 0717 | 10/15/2018 0830 | CJ | 3700 | C | 0019 | 48 | | | | C22Z |
| 10/13/2018 1343 | 10/13/2018 2338 | CJ | 3700 | C | 0019 | 52 | | | | C59B |
| 10/12/2018 1440 | 10/13/2018 0053 | CJ | 3700 | C | 0019 | 52 | | | | U954 |
| 10/11/2018 1355 | 10/12/2018 0107 | CJ | 3700 | C | 0019 | 53 | | | | U76H |
| 10/11/2018 0743 | 10/11/2018 0744 | CJ | 3700 | C | 0019 | 135 | | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/10/2018 2315 | 10/11/2018 0743 | CJ | 3700 | C | 0019 | 602 | | | | |
| 10/10/2018 1436 | 10/10/2018 2315 | CJ | 3700 | C | 0019 | 52 | | | | C59C |
| 10/09/2018 2347 | 10/09/2018 2349 | CJ | 3700 | C | 0019 | 52 | | | | |
| 10/09/2018 0610 | 10/09/2018 2347 | CJ | 3700 | C | 0019 | 135 | | | | N775 |
| 10/08/2018 1452 | 10/08/2018 2125 | CJ | 3700 | C | 0019 | 52 | | | | C59C |
| 10/05/2018 0559 | 10/05/2018 2148 | CJ | 3700 | C | 0019 | 28 | | | | U76V |
| 10/04/2018 1431 | 10/04/2018 2348 | CJ | 3700 | C | 0019 | 602 | | | | C238 |
| 10/04/2018 1137 | 10/04/2018 1137 | CJ | 3700 | | | CJ | 3700 | C | 0019 | C63F |
| 10/04/2018 1136 | 10/04/2018 1136 | IRC | IRCJ | | | CJ | 3700 | | | U89R |
| 10/04/2018 1109 | 10/04/2018 1109 | IRC | IRCL | | | IRC | IRCJ | | | TT7A |
| 10/04/2018 0859 | 10/04/2018 0859 | IRC | I231 | D | 19UD | IRC | IRCL | | | TTD5 |
| 10/04/2018 0435 | 10/04/2018 0743 | IRC | I231 | D | 19UD | 12A | | | | T53N |
| 10/03/2018 2359 | 10/03/2018 2359 | IRC | I231 | D | 013L | IRC | I231 | D | 19UD | T523 |
| 10/03/2018 1812 | 10/03/2018 1812 | IRC | I231 | | | IRC | I231 | D | 013L | T521 |
| 10/03/2018 1753 | 10/03/2018 1753 | IRC | IRCC | | | IRC | I231 | | | T523 |
| 10/03/2018 1232 | 10/03/2018 1744 | IRC | IRCC | | | 12B | | | | N739 |
| 10/02/2018 2116 | 10/02/2018 2116 | IRC | IRCA | | | IRC | IRCC | | | TT1G |
| 10/02/2018 2017 | 10/02/2018 2017 | IRC | IRBF | | | IRC | IRCA | | | T509 |
| 10/02/2018 1937 | 10/02/2018 1937 | CSD | CRTT | | | IRC | IRBF | | | TT5Z |
| 10/02/2018 0830 | 10/02/2018 0830 | LAPD | 4214 | | | CSD | CRTT | | | LU6NP101 |

Temp Location    Court Location    Point to "To Facility" to display Temporary Location and Court Name

---

**Special Handling**

| | | | | |
|---|---|---|---|---|
| KeepAway Code: | Highly Dangerous: | 288 Arrest: | Escape Risk: | Suicidal: |
| Homo: | Protective Custody: | Mental: | Survey: | Handcuff: |
| Spec1: | Spec2: | Spec3: | Spec4: | Spec5: |

IRC Comments:

---

**Release Information**

Min Release Date: **11/06/2018**    Max Release Date: **12/02/2018**    Sentence Status: **3**

Actual Release Date: **10/18/2018**    Release Time: **0805**

Release Reason: **SHRT**    Reason Description: **SHORT SENTENCE - RELEASE FORTWITH**

Release Agency:    Agency Description:

---

**Identification**

Driver License No.: **B3198919**    State Issued: **CA**

Social Security No.: **000000000**    Alien No.:

CII No.: **10989845**    Main No.: **4570200**    FBI No.: **839200PA6**    File No.:

---

**Aka**

| Last Name | First Name | Middle Name | Suffix | Sex | Race | DOB | Age | Arrest Agency | Booking Date |
|---|---|---|---|---|---|---|---|---|---|
| HERRING | MICHAEL | | | M | B | 08/16/1968 | 50 | 1943 | 09/30/2018 |
| HERRING | MICHAEL | T | | M | B | 01/07/1974 | 50 | 1943 | 09/30/2018 |
| HERRING | MICHAEL | TERRENCE | | M | B | 01/07/1974 | 50 | 1943 | 09/30/2018 |

---

**Physical Oddities**

None

Other Bookings linked by Cii No.

| Booking No. | Last Name | First Name | Middle Name | Sex | Race | Date Of Birth | Age |
|---|---|---|---|---|---|---|---|
| 5531017 | HERRING | MICHAEL | T | M | B | 08/16/1968 | 50 |
| 5481697 | HERRING | MICHAEL | | M | B | 08/16/1968 | 50 |
| 5042179 | HERRING | MICHAEL | T | M | B | 08/16/1968 | 48 |

THIS MATERIAL IS SUBJECT TO THE
ATTORNEY-CLIENT AND/OR THE
ATTORNEY WORK PRODUCT PRIVILEGES
CONFIDENTIAL

# PM Shift In-service, Men's Central Jail

Sunday, October 07, 2018

| ADMINISTRATIVE | RADIO | ERT | NAME | |
|---|---|---|---|---|
| W/Comm. Old Side | | | AGUILAR, X. | 8.0T |
| W/Comm. New Side | | | OT REDUCTION | |
| Watch Sgt | 008508 | | DRAKE, C. | 8.0T |
| Clinic Sgt. #1 | 007550 | | ODENTHAL, E. | 8.0T |
| Clinic Sgt. #2 CCJV | 026679 | | SGT. DURAN, G. | |
| 17/1750 Sgt. CCJV | 003222 | | SGT REYES, S. | 8.0T |
| 2000 Sgt. #1 | 011690 | | Sgt. GARCIA, R. | 4.0T |
| 2000 Sgt. #2 CCJV | 025352 | | SGT BASEY, A. | 8.0T |
| 3000 Sgt. CCJV | 028770 | E-1 | WALTON, J. | 8.0T |
| 3100/3300 Sgt. | 019734 | | SGT DEYOUNG, J. | |
| 4000 Sgt. #1 | 009943 | | SGT RODRIGUEZ, G. | |
| 4000 Sgt. #2 CCJV | | | JANSEN , J. | 8.0T |
| 5000 Sgt. #1 | 003008 | E-2 | BARRAGAN, F. | 8.0T |
| 5000 Sgt. #2 CCJV | 026851 | | Sgt. MARCHELLO, R. | 8.0T |
| 9000 Sgt. #1 | 002157 | | SGT INEZ, I. | |
| Safety Check Sgt. | 018120 | | GLYNN, J. | 8.0T |
| Watch Deputy | 002643 | | VIVANCO, R. | |
| / | | | | |
| / | | | | |
| / | | | | |

| ON-CALL CAPTAIN | RADIO | ERT | NAME |
|---|---|---|---|
| *** | | | DAILY |

| TOWN HALL | RADIO | ERT | NAME |
|---|---|---|---|
| - | | | 2100B 4600C |

| SEARCH TEAM LOCATIONS | RADIO | ERT | NAME |
|---|---|---|---|
| ~ | | | 1750F 9100 |

| SAFETY CHECK TEAM | RADIO | ERT | NAME | |
|---|---|---|---|---|
| 7000 T-15 CHECK #1 | 003270 | | SONG, J. | |
| 7000 SAFETY CHECK #1 | 028795 | | YU, J. | |
| 8000 SAFETY CHECK #1 | 026164 | | SALDANA, R. | |
| 8000 SAFETY CHECK #2 | 007345 | | GALLACHER, A. | |
| 8000 SAFETY CHECK #3 | 026368 | | ARREGUIN, X. | |
| 2000 T-15 CHECK #1 | 028073 | | KANOUSE, A. | |
| 2000 T-15 CHECK #2 | 022069 | | CAMACHO, H. | |
| 2000 SAFETY CHECK #1 | 024140 | | C/A GORBEA, D. | |
| 2000 SAFETY CHECK #2 | 002382 | | KHOM, D. | |
| 2000 SAFETY CHECK #3 | 029058 | | MATA, A. | |
| 3000 T-15 CHECK #1 | 010193 | E-2 | SANTOS, I. | SWP ON |
| 3000 T-15 CHECK #2 | 016443 | | C/A GUTIERREZ, A. | |
| 3000 SAFETY CHECK #1 | 026746 | | RENNISON, W. ORDERED | 8.0T |
| 3000 SAFETY CHECK #2 | 025449 | | VALDIVIA, A. | |
| 4000 T-15 CHECK #1 | 002092 | | C/A RIOS, L. | |
| 4000 T-15 CHECK #2 | 029875 | | C/A CORONA, J. | |
| 4000 T-15 CHECK #3 | 023490 | | GOMEZ, R. | |
| 4000 T-15 CHECK #4 | 003128 | | LARA, A. | SWP ON |
| 4000 SAFETY CHECK #1 | 018558 | | PILTCH, J. ORDERED | 8.0T |
| 4000 SAFETY CHECK #2 | 006151 | | HERNANDEZ, S. | |
| 5000 T-15 CHECK #1 | | | Tr. MONTES DE OCA, J. | |

| SAFETY CHECK TEAM | RADIO | ERT | NAME |
|---|---|---|---|
| 5000 T-15 CHECK #2 | | | Tr. SHIRVANIAN, G. |
| 5000 T-15 CHECK #3 | 024796 | | Tr. VALLE-DE LA CRUZ, P. |
| 9000 T-15 CHECK #1 | 024788 | | C/A CALDERON, F. |
| 9000 T-15 CHECK #3 | 022739 | | SUAREZ, B. |
| 9000 T-15 CHECK #3 | 031709 | | Tr. MARTINO, M. |

| MAIN CONTROL | RADIO | ERT | NAME | |
|---|---|---|---|---|
| Main Control SLD | 004258 | | MARTINEZ, N. | 8.0T |
| 1000 Rover #1 | 016899 | | LINDSEY JR, V. | |
| 1000 Rover #2 G-5 RLF | 020802 | | RODRIGUEZ, Ry. ORDERED | 8.0T |
| Main Gates | 002381 | | C/A WILLIAMS, R. | |
| Key Security | 006542 | | GALVAN, E. | |
| Pass Control | 028686 | | DLUGOS , M.D | |
| G-5 Patrol | 016688 | | SKINNER, C. | |
| 1800 Point | 019795 | CP | CLOTWORTHY, D | |

| 1000 FLOOR | RADIO | ERT | NAME | |
|---|---|---|---|---|
| 1700/1750 SLD | 006625 | CP | Sr. KASSABIAN , M. | |
| 1700 Module | 005923 | CP | C/A PENA, E. | |
| 1700 T-15 | 023693 | | GARIBAY, J. | |
| 1750 Module | 010196 | CP | PEDRAZA, C. | |
| 1750 T-15 | 030387 | | GAMBOA, A. | |
| 1700 MVT | 024642 | | BRAVEMAN, C. | 8.0T |
| 1750 MVT | 003104 | | HOVHANNISYAN, L. | |
| 1700 Safety Check | 025831 | | SERRATO, N. | |
| 1800 K-10 Rec | 010913 | | BECERRA, R. | |

| CELL 40 | RADIO | ERT | NAME | |
|---|---|---|---|---|
| Cell 40 Control | 011013 | | C/A PALENCIA LOPEZ, M. | 8.0T |
| Cell 40 MVT #1 | 006378 | | GARCIA-FIGUEROA, A. | 8.0T |
| MVT Control | 006307 | | NAVA, M. | |
| F.A.S | 028718 | | BLANCO, J. | 8.0T |

| BASEMENT KITCHEN | RADIO | ERT | NAME | |
|---|---|---|---|---|
| Kitchen Control | 006464 | | C/A FABER, L. | |
| Kitchen Rover A | 023051 | | NICHELSON, D. | |
| Kitchen Rover #1 | 020826 | | GUTIERREZ, D. | |
| Trash & Freight | 006590 | | METCALF, J. | 8.0T |

| CLINICS | RADIO | ERT | NAME | |
|---|---|---|---|---|
| Clinic SLD | | | LAWLER, K. B-1 | 8.0T |
| 6000 Control | 003393 | | C/A SMITH, M. | |
| Clinic MVT #1 | 016698 | E-1 | GAPASIN, R. | SWP ON |
| Main Clinic Rear | 025411 | | DIAZ, G. | |
| 6000 Rover T-15/ LCMC | 002138 | | TORRES, G. | |
| 6000 Rover / LCMC | 026150 | | SAKO, R. | |
| 7000 Control / Rover | 023625 | | C/A VALADEZ, J. | |
| 7000 T-15 | 026284 | E-1 | FIERROS, J. | SWP ON |
| 7100 Control / Rover | 023843 | | PARKER, J. | |
| 7100 T-15 | 025574 | E-2 | TORRES, M. | |
| 7200 Control / Rover | 011628 | E-2 | C/A PANDURO CEBALLOS, J. | |
| 7200 T-15 Check | 023440 | | REVELES, B. | |
| 8000 Control / Rover | 027724 | E-1 | CAMERON, M. ORDERED | 8.0T |
| 8000 T-15 #1 | 003819 | E-2 | HERNANDEZ, R. | |
| 8000 T-15 #2 | | | OT REDUCTION | |
| 8100 Control / Rover | 016484 | | C/A MUNOZ, F. | |

TIME COPY
WATCH SGT.

# PM Shift In-service, Men's Central Jail

Sunday, October 07, 2018

| CLINICS ASSIGNMENT | RADIO | ERT | NAME |
|---|---|---|---|
| 8100 Rover T-15 | 012338 | | CASTRO, A. |
| 8200 Ctl/Rover - LCMC2 | 031773 | | YU, S. |
| 8200 T-15 | 003258 | | MAGDALENO, D. |

| 2000 FLOOR ASSIGNMENT | RADIO | ERT | NAME |
|---|---|---|---|
| 2000 SLD | 005858 | | Sr. RONDEROS, B. |
| 2000 Control | 002587 | | RAY, C. L/D |
| 2000 Rover #1 - Pill Call | 010813 | E-1 | SLATTERY, E. |
| 2000 Rover #2-LCMC2/Pill | 019798 | | T/O BAREIS, P. SWP ON |
| 2000 T-15 | | | OT REDUCTION |
| 2000 I/M FEEDING | 028851 | | T/O GONZALEZ, R. 8.0T |
| 2100 Module | 023940 | E-1 | Tr. STELLJES, N. |
| 2300 Module | 028849 | | Tr. SANDOVAL, A. |
| 21/23 Rover / MVT | 003752 | | T/O THORNTON, A. |
| 2200 Module | 028878 | | T/O MEDINA, S. |
| 2400 Module | 010910 | | HARRIS, T. |
| 22/24 Rover / Mvt | 003719 | E-1 | BARROSO, G. |
| 2500 Module | 022035 | | C/A HAMM, S. |
| 2700 Module | 024837 | | Tr. COYLE, R. |
| 25/27 Rover / MVT | 005950 | | T/O GARCIA, K. |
| 2600 Module | 002535 | | Tr. HILLIS, C. ORDERED 8.0T |
| 2800 Module | 028769 | | C/A LANDA, J. |
| 26/28 Rover / MVT | 003502 | | Tr. VELAZQUEZ, R. |
| 2900 Module | 002270 | | C/A JONES, J. |
| 2900 MVT | 011683 | | MALDONADO, A. |

| 3000 FLOOR ASSIGNMENT | RADIO | ERT | NAME |
|---|---|---|---|
| 3000 SLD | 003120 | | Sr. HERNANDEZ, E. 8.0T |
| 3000 Control | 016919 | | C/A GARZA, J. |
| 3000 Rover #1 | 020747 | E-1 | MARTINEZ-BARAJAS, A. |
| 3000 Rover #2-LCMC2/Pill | 017286 | | ONDA, T. |
| 3000 I/M FEEDING / Rover #3 | 016982 | | PENHOLLOW, W. |
| 3100 Module | 032485 | | SANTIAGO, R. |
| 3300 Module | 024638 | | BOTTOMLEY, M. 8.0T |
| 31/33 Rover / MVT | 032475 | E-1 | CAMPOS, S. |
| 31/33 T-15 #1 | 003228 | | SAMPLES, M. |
| 31/33 T-15 #2 | 023880 | | MOJICA, R. 8.0T |
| 3301 Module | 016755 | | MORISSEAU, J. |
| 3301 Rover #1 | 007094 | E-1 | ESSANDOH,E |
| 3200 Module | 023319 | | C/A CAMACHO, M. |
| 3400 Module | 021958 | | C/A VIGIL, C. |
| 32/34 T-15 | 003334 | | OSTROWSKI, A. |
| 3500 Module | 023499 | | C/A ESPARZA, J. |
| 3700 Module | 025881 | | C/A RAMIREZ, D. |
| 35/37 Rover/MVT #1 | 002755 | | SY, K. |
| 35/37 Rover/MVT #2 | | | Tr. MARTIN, B. |
| 35/37 T-15 #1 | 007060 | E-1 | RUIZ, S. |
| 3600 Module | 003596 | | C/A VAZQUEZ, J. |
| 3800 Module | 032434 | | C/A VALLEJO, J. |
| 36/38 T-15 | 010957 | E-1 | Tr. CONTRERAS, D. ORDERED 8.0T |
| 3000 Roof Control | 027954 | E-1 | C/A CAMPOS, D. |
| 3000 Roof #1 | 025409 | | TOM, B. |
| 3000 Roof #2 Shack | 029022 | | DEWITT, D. |

| 4000 FLOOR ASSIGNMENT | RADIO | ERT | NAME |
|---|---|---|---|
| 4000 SLD | 006350 | | Sr. BLACK, T. |
| 4000 Control | 003400 | | C/A LUJAN-DOMINGUEZ, A. |
| 4000 Rover#1-LCMC2/Pill Call | 028119 | | LINARES, S. |
| 4000 Rover #2 - I/M FEEDING | 016477 | | SALDIVAR, S. |
| 4300 Module | 009938 | | C/A PEDREGON, A. |
| 4400 Module | 021835 | | BARRI, C. L/D |
| 43/44 Rover/Mvt | 003662 | E-2 | Tr. GUTIERREZ, R. |
| 4500 Module | 016711 | | PARKER, D. L/D |
| 4600 Module | 019821 | | JOHNSON, J. L/D |
| 45/46 Rover/Mvt | 010875 | E-2 | VARGAS SERRANO, S. |
| 4700 Module | 026388 | | C/A SUBA, K. L/D |
| 4800 Module | 026155 | | T/O JUAREZ, G. |
| 47/48 Rover/MVT #1 | | | OT REDUCTION |
| 47/48 Rover/MVT #2 | 027793 | E-2 | CERVANTES, S. SWP ON |
| 4000 I/M FEEDING/Rover | 010290 | | LOMELI, F. SWP ON |

| 5000 FLOOR ASSIGNMENT | RADIO | ERT | NAME |
|---|---|---|---|
| 5000 Control | 029026 | | MURRAY, D. L/D |
| 5000 Rover #1 - Pill Call | 002717 | | T/O MARROQUIN, G. |
| 5000 Rover #2 - Pill Call | 028320 | E-2 | Tr. DAVIS, P. |
| 5100/5200 Dorm | 028947 | | Tr. SOTO, E. |
| 5300/5400 Dorm | 023315 | | C/A UMANZOR, G. ORDERED 8.0T |
| 5500/5550 Dorm | 024838 | | C/A TORRES RIOS, D. |
| 5550 M.O. Security #1 | 020752 | | PEREZ, A. |
| 5550 M.O. Security #2 | 024992 | | WILLIAMS, M. |
| 5600/5700 Dorm | 002372 | | C/A RUELAS, E. |
| 5600/5700 MOH MVT | 002744 | E-2 | MARTINEZ, R. SWP ON |
| 5800/5900 Dorm | 016682 | | C/A MARTIN JR, W. |
| 5800/5900 MOH MVT | 021929 | E-2 | LOPEZ, D. |
| 5000/9000 I/M FEED/Rover | 025924 | | POBLETE, R. |

| 9000 FLOOR ASSIGNMENT | RADIO | ERT | NAME |
|---|---|---|---|
| 9000 Control | 021803 | | GALLARDO, V. L/D |
| 9000 Rover #1/T-15 | 024107 | E-2 | KLINDWORTH, S. |
| 9000 Rover #2 - Pill Call | 032445 | | T/O LUU, A. |
| 9000 Rover #3 - Pill Call | 023050 | | RUIZ, R. 8.0T |
| 9500 Dorm / Rover | 003142 | | C/A ARMENTA, J. |
| 9100/9200 Dorm | 031794 | | C/A SAUNO, J. |
| 9300/9400 Dorm | 010090 | | C/A TORRES, M. |
| 9000 Roof Control | 007026 | E-2 | C/A CASILLAS-MATA, C. |
| 9000 Roof #1 | 025571 | | LUJAN, J. |
| 9000 Roof #2 Crows Nest | 024209 | | T/O MATSON, C. SWP ON |
| Hi Power Roof #1 | 031684 | | ALVAREZ JR, D. |
| Hi Pwr Roof #2 shack | 024785 | | MENDEZ, B. ORDERED 8.0T |
| Hi Pwr Roof #3 | 025568 | | GARCIA, J. ORDERED 8.0T |

| LOGISTICS ASSIGNMENT | RADIO | ERT | NAME |
|---|---|---|---|
| Trash & Freight #2 | 016647 | | ACEVES, L. 8.0T |

| Discipline C/A ASSIGNMENT | RADIO | ERT | NAME |
|---|---|---|---|
| Discipline #1 | 027817 | CP | C/A HAAS, D. |

| LCMC Detail ASSIGNMENT | RADIO | ERT | NAME |
|---|---|---|---|
| LCMC Detail | | | |
| LCMC Detail | | | |
| LCMC Detail | | | |

TIME COPY
WATCH SGT. _____

## PM Shift In-service, Men's Central Jail

Sunday, October 07, 2018

| SPECIAL ASSIGNMENT ASSIGNMENT | RADIO | ERT | NAME | |
|---|---|---|---|---|
| DSG | | | | |
| DSG | | | | |
| DSG | 025998 | | C/A VILCHIS, R. C/W I/M WATERS | |
| DSG | | | | |
| DSG | | | | |
| DSG | 002564 | | DUENAS, J. MTE. CW I/M WATERS8.0T | |

TIME COPY
WATCH SGT.

| RDO's | | SWAP-OFF | | SWAP-ON |
|---|---|---|---|---|
| ARONSON, J. | Sr. SEPULVEDA, M. | BRUYNINCKX, N. | on 10/13 AM | SANTOS, I. |
| ARTIGA, J. | Sr. SKERRETT, C. | CHAVEZ, Val. | on 10/01 EM | MARTINEZ, R. |
| BEDNARSKI, P. | T/O ESTRADA, J. | FRANKLIN, B. | on 10/17 EM | GAPASIN, R. |
| BOWEN, P. | T/O MATEJKA, K. | MACIAS, H. | on 10/20 EM | LARA, A. |
| C/A ALVAREZ, J. | T/O PAMPLONA, N. | PERRIN, M. | on 10/20 AM | FIERROS, J. |
| C/A DOWLING, S. | T/O WELCH, J. | RAMOS, J. | on 10/04 AM | LOMELI, F. |
| C/A ESPINOZA PENATE, L. | TALLER , J. | ROW, D. | on 10/31 PM | CERVANTES, S. |
| C/A ESTARIS, M. | TRUJILLO, D. | T/O FLORES, J. | on 10/11 AM | T/O BAREIS, P. |
| C/A ESTRADA, F. | TURNQUIST, K. | T/O VALDEZ JR., J. | on 10/11 AM | T/O MATSON, C. |
| C/A IDEHEN, V. | Tr. ALVARADO, R. | | | |
| C/A MACHUCA, D. | Tr. C/A VENEGAS, J. | | | |
| C/A MADRIGAL, M. | Tr. C/A WEAVER, R. | | | |
| C/A MOLINA, L. | Tr. CHOI, D. | **CALL-INS** | | |
| C/A MORALES, D. | Tr. DULANEY, R. | ARTEAGA-TELLEZ, L. (S) | | |
| C/A MUNETON, J. | Tr. ESCALERA, F. | LOPEZ-MORFIN, J. (SP) | | |
| C/A OBI, W. | Tr. GALINDO, Y. | MARTINEZ, S. (SP) | | |
| C/A ROMAN, J. | Tr. KARP, T. | PEOPLES, Z. (SP) | | |
| C/A SKLARSKY, C. | Tr. TORRES, A. | | | |
| CARDENAS, C. | Tr. VARGAS-LOPEZ, J. | | | |
| CATER, K. | ULLOA, M. | | | |
| CERVANTES, S. | VALDIVIA, A. | **DENIEDS** | | |
| CHUA, M. | VARGAS, J. | | | |
| CONVENTO, R. | VASQUEZ, H. | | | |
| CORDOVA, R. | VAZQUEZ, C. | | | |
| CRESPIN, A. | VILLA, F. | **ADJUST-OFF** | | |
| DEGUZMAN, C. | WHITEMAN, S. | SUAREZ, M. | 10/07 AM | |
| GARCIA JR, R. | ZENDEJAS, R. | | | |
| GONZALEZ, D. | | | | |
| JAMIR, A. | | | | |
| JENKINS, L. | | **VARIANCES** | | |
| JONES, J. | | AISPURO, R. | S | |
| LA VAL, G. | | ALVARADO, A. | F | |
| LASCANO, A. | | C/A BRAKE, D. | V | |
| LAWRENCE, D. | | C/A TORRES, P. | SP | |
| LEE, C. | | C/A WRIGHT, R. | C | |
| LEON, D. | | CANAS, F. | V | |
| LOZANO ORTEGA, C. | | CRANFORD, R. | SP | |
| Lt. CERDA, J. | | ESQUIBEL, G. | V | |
| MARCHI, A. | | FRITZ, K. | SP | |
| MARTINEZ , J. | | REYNOLDS, T. | SP | |
| MATSUMOTO, M. | | SGT. MARRIOT-LODGE, M. | S | |
| MEDINA, R. | | SONG, M. | SP | |
| MELENDREZ, M. | | Sgt. SMITH, M. | V | |
| MOORMAN, L. | | Sr. LOPEZ, E. | E | |
| MUNOZ PUAQUE, D. | | | | |
| NGUYEN, C. | | | | |
| NORWOOD, S. | | | | |
| OBISPO, R. | | **SPECIAL DUTY** | | |
| OLVERA, J. | | MERCADO, R. | (ADJ ON) ADMIN | |
| ORTIZ, D. | | | | |
| PAGKALIWANGAN, V. | | | | |
| QUINONEZ-REYES, R. | | | | |
| RIVERA , R. | | | | |
| ROBINSON, M. | | | | |
| ROBLES, B. | | | | |
| RUBIO, J. | | | | |
| SALAH, T. | | | | |
| SGT ALVAREZ, G. | | | | |
| SGT BASEY, A. | | | | |
| SGT LASS, D. L/D | | | | |
| SGT ROMERO, V. | | | | |
| SGT. HALEY, S. | | | | |
| SGT. HERNANDEZ, D. | | | | |
| SGT. MCBRIDE, T. | | | | |
| SGT. PRIVETERA, C. | | | | |
| SGT. SARABIA MEDINA, I. | | | | |
| SGT. VILLAREAL JR, L. | | | | |
| SWIGART, D. | | | | |
| Sr. DURAN, A. | | | | |
| Sr. KLOCK, D. | | | | |
| Sr. NEGRETE, B. | | | | |

THIS MATERIAL IS SUBJECT TO THE ATTORNEY WORK PRODUCT AND/OR PRIVILEGES

CONFIDENTIAL

TRUE COPY
WATCH SGT

Inmate Request ▸ requestbybookingnumber

All Requests/Complaints by Booking Number (New Method)

| Criteria | | |
|---|---|---|
| Booking | 5436356 | User: LASD\apkonned |

**1. Refresh I/M List   2. Load Requests**

Sort: Booking  ▼



- ☑ 📁 Inmate Forms (Total of 3)
  - ☑ 🏠 5436356 HERRING, MICHAEL S:3 L:7
    - ☑ 📄 10/8/2018 Electronic Monitoring
    - ☑ 📄 10/12/2018 Medical Services (C)
    - ☑ 📄 10/22/2018 Medical Services (C)

---

**Inmate: 5436356 HERRING, MICHAEL :: CJ - 3700**

Req. Date: 10/12/2018 8:58:00 AM
Ref. #: 2026-2018-1012-222
Emergent: No
RD: 2026
ACLU: No
ACLU #:
Scanned: PDF
Request Type: Medical Services

Status: **Completed**
Open Full Form: 🔳
Print Receipt: **PDF**
REVIEW Status: **Already Reviewed**
*Quick dispo. of COMPLAINT is not supported. Use InfoPath.*

Inmate's Notes: Wound not being seen to by medical staff.
Completed Disposition: Patient has an active order for wound treatment. Notified via email Specialty clinic regarding patient's medical concerns.

---

**Inmate: 5436356 HERRING, MICHAEL :: -**

Req. Date: 10/22/2018 10:51:00 AM
Ref. #: 2026-2018-1022-292
Emergent: No
RD: 2026
ACLU: No
ACLU #:
Scanned: PDF
Request Type: Medical Services

Status: **Completed**
Open Full Form: 🔳
Print Receipt: **PDF**
REVIEW Status: **Already Reviewed**
*Quick dispo. of COMPLAINT is not supported. Use InfoPath.*

Inmate's Notes: 11 stitches haven't been cleaned or bandages changed in 2 days.
Completed Disposition: Wound care documentation from 10/10/18 to 10/14/18 reviewed. Wound care was not done on 10/10/18 & 10/11/18. No reason was given. Wound care was charted as done on 10/12/18. Wound care task for 10/13/18 & 10/14/18 was left open. No documentation noted as to whether wound care was or was not done. Patient was released on 10/18/18. Unable to obtain signature.

---

**Inmate: 5436356 HERRING, MICHAEL :: -**

Req. Date: 10/8/2018 8:01:00 AM
Ref. #: 5100-2018-1031-385
Emergent: No
RD: 5100
ACLU: No
ACLU #:
Scanned: PDF
Request Type: Electronic Monitoring

Status: **Completed**
Open Full Form: 🔳
Print Receipt: **PDF**
REVIEW Status: **Already Reviewed**

Inmate's Notes: Requesting supervised release.
Completed Disposition: I/M RELEASED ON SHRT (10-18-18).

Version: 1.396.17011.2107 …

THIS MATERIAL IS SUBJECT TO THE ATTORNEY CLIENT AND/OR THE ATTORNEY WORK PRODUCT PRIVILEGES

CONFIDENTIAL



**Los Angeles County Sheriff's Department**
*INMATE TOTAL MOVEMENT HISTORY*



(AJIS and DIMMS) HOME

## View EBI History

| BOOKING NO | |
|---|---|
| 5436356 | VIEW REPORT |

### HERRING , MICHAEL

| START DATE/TIME | FAC | MOD/ROW/CELL | AJIS TEMP | DIMMS LOC | DESCRIPTION LOC |
|---|---|---|---|---|---|
| !!!! OCT-18-2018 08:05 am | | -RELEASED- | | | INMATE RELEASED |
| !!!! OCT-18-2018 06:15 am | IRC | IRRA | | | RELEASE AREA |
| !!!! OCT-18-2018 05:56 am | CJ | CJIR | | | CENTRAL JAIL |
| !!!! OCT-18-2018 05:47 am | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-18-2018 03:12 am | CJ | | 25 | | T - RELEASE |
| !!!! OCT-18-2018 01:41 am | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-17-2018 06:51 pm | | | | CJC4 | MEN'S CENTRAL JAIL CELL 40 |
| !!!! OCT-17-2018 06:43 pm | | | | IRCO | IRC MALE INMATES OUT OF COURTLINE TO HSE |
| !!!! OCT-17-2018 06:43 pm | | | | IRCR | IRC OLDSIDE INMATES RETURN FROM COURT |
| !!!! OCT-17-2018 04:50 pm | | | | B241 | VEHICLE - TST BUS |
| !!!! OCT-17-2018 08:42 am | | | | LAXL | LOS ANGELES AIRPORT COURT |
| !!!! OCT-17-2018 05:22 am | | | | IRCI | IRC OLDSIDE IN FOR COURT |
| !!!! OCT-17-2018 03:00 am | CJ | | W90 | | CRT - LAX SUPERIOR COURT DEPT W90 |
| !!!! OCT-16-2018 03:26 pm | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-16-2018 02:33 pm | CJ | | 52 | | T - CLINIC PHYSIOTHERAPY |
| !!!! OCT-16-2018 02:22 pm | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-16-2018 02:20 pm | CJ | | 602 | | T - MCJ PHARMACY RM# 6118 |
| !!!! OCT-16-2018 08:28 am | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |

| !!!! OCT-16-2018 08:27 am | CJ | | 23 | | T - DR'S LINE #3 |
|---|---|---|---|---|---|
| !!!! OCT-16-2018 08:27 am | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-16-2018 06:42 am | CJ | | 28 | | T - LAB |
| !!!! OCT-16-2018 12:18 am | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-15-2018 10:07 pm | CJ | | 52 | | T - CLINIC PHYSIOTHERAPY |
| !!!! OCT-15-2018 10:07 pm | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-15-2018 11:57 am | CJ | | 48 | | T - MCJ MED NURSING OFFICE |
| !!!! OCT-15-2018 08:30 am | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-15-2018 07:17 am | CJ | | 48 | | T - MCJ MED NURSING OFFICE |
| !!!! OCT-13-2018 11:38 pm | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-13-2018 01:43 pm | CJ | | 52 | | T - CLINIC PHYSIOTHERAPY |
| !!!! OCT-13-2018 12:53 am | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-12-2018 02:40 pm | CJ | | 52 | | T - CLINIC PHYSIOTHERAPY |
| !!!! OCT-12-2018 01:07 am | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-11-2018 01:55 pm | CJ | | 53 | | T - NURSE CLINIC |
| !!!! OCT-11-2018 01:39 pm | | | | CJC4 | MEN'S CENTRAL JAIL CELL 40 |
| !!!! OCT-11-2018 10:23 am | | | | CJC4 | MEN'S CENTRAL JAIL CELL 40 |
| !!!! OCT-11-2018 07:44 am | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-11-2018 07:43 am | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-11-2018 07:43 am | CJ | | 135 | | T - URGENT CARE UNIT RM S284 |
| !!!! OCT-10-2018 11:15 pm | CJ | | 602 | | T - MCJ PHARMACY RM# 6118 |
| !!!! OCT-10-2018 11:15 pm | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-10-2018 02:36 pm | CJ | | 52 | | T - CLINIC PHYSIOTHERAPY |
| !!!! OCT-09-2018 11:49 pm | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-09-2018 | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |

| | | | | | |
|---|---|---|---|---|---|
| 11:47 pm | | | | | |
| !!!! OCT-09-2018 11:47 pm | CJ | | 52 | | T - CLINIC PHYSIOTHERAPY |
| !!!! OCT-09-2018 10:14 am | | | | CJC4 | MEN'S CENTRAL JAIL CELL 40 |
| !!!! OCT-09-2018 06:56 am | | | | CJC4 | MEN'S CENTRAL JAIL CELL 40 |
| !!!! OCT-09-2018 06:10 am | CJ | | 135 | | T - URGENT CARE UNIT RM S284 |
| !!!! OCT-08-2018 09:25 pm | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-08-2018 02:52 pm | CJ | | 52 | | T - CLINIC PHYSIOTHERAPY |
| !!!! OCT-07-2018 07:46 pm | | | | CJC4 | MEN'S CENTRAL JAIL CELL 40 |
| !!!! OCT-05-2018 09:48 pm | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-05-2018 05:59 am | CJ | | 28 | | T - LAB |
| !!!! OCT-04-2018 11:48 pm | CJ | 3700-C-0019 | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-04-2018 02:31 pm | CJ | | 602 | | T - MCJ PHARMACY RM# 6118 |
| !!!! OCT-04-2018 11:37 am | CJ | 3700-C-0019 | | | CENTRAL JAIL |
| !!!! OCT-04-2018 11:36 am | CJ | 3700 | | | CENTRAL JAIL |
| !!!! OCT-04-2018 11:19 am | | | | CJC4 | MEN'S CENTRAL JAIL CELL 40 |
| !!!! OCT-04-2018 11:09 am | IRC | IRCJ | | | INMATE RECEPTION CENTER |
| !!!! OCT-04-2018 08:59 am | IRC | IRCL | | | CUSTODY LINE |
| !!!! OCT-04-2018 07:43 am | IRC | I231-D-19UD | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-04-2018 04:35 am | IRC | | 12A | | T - TRANSFER TO GP |
| !!!! OCT-03-2018 11:59 pm | IRC | I231-D-19UD | | | CLINIC |
| !!!! OCT-03-2018 06:12 pm | IRC | I231-D-013L | | | CLINIC |
| !!!! OCT-03-2018 05:53 pm | IRC | I231 | | | CLINIC |
| !!!! OCT-03-2018 05:44 pm | IRC | IRCC | - | | CHECK-IN FROM TEMP LOC |
| !!!! OCT-03-2018 12:32 pm | IRC | | 12B | | T - TRANSFER TO 231 NURSE VIST |
| !!!! OCT-02-2018 09:16 pm | IRC | IRCC | | | CLINIC |
| | | | | | |

| !!!! OCT-02-2018 08:17 pm | IRC | IRCA | | | CLASSIFICATION |
| !!!! OCT-02-2018 07:37 pm | IRC | IRBF | | | BOOKING FRONT |
| !!!! OCT-02-2018 08:30 am | CSD· | CRTT | | | COURT SERVICES DIVISION |
| !!!! SEP-30-2018 07:07 pm | LAPD | 4214 | | | LAPD PACIFIC DIVN |
| IRC locations in RED | | TEMPORARY locations in BLUE | | DIMMS locations in GREEN | |



**DSB Custody Automation Unit 06/25/2007**

THIS MATERIAL IS SUBJECT TO THE
ATTORNEY-CLIENT AND/OR
ATTORNEY WORK PRODUCT PRIVILEGES
CONFIDENTIAL

761551N25A – SH-AD (3/16)

## COUNTY OF LOS ANGELES
# SHERIFF'S DEPARTMENT

*"A Tradition of Service Since 1850"*

DATE: February 12, 2019

FILE NO:

### OFFICE CORRESPONDENCE

FROM: KIMBERLY L. UNLAND, CAPTAIN    TO:    JASON WOLAK, CAPTAIN
RISK MANAGEMENT BUREAU            MEN'S CENTRAL JAIL
RUTHIE DAILY, CAPTAIN
MEN'S CENTRAL JAIL

SUBJECT: **CIVIL CLAIM OF MICHAEL HERRING, DOCKET #19-1149540*001**

On February 5, 2019, a civil claim was filed with the Los Angeles County Board of Supervisors and forwarded to the County Counsel's Office. County Counsel's Office has requested the Sheriff's Department's assistance in gathering documentation, including a copy of the Unit Commander's Claim Review.

You have two duties as a result of this claim: (1) perform a Claim Review as required by MPP 5-07/290.00; and (2) preserve all evidence related to this claim in a location where it can be readily retrieved.

Men's Central Jail has been designated the primary unit responsible for this claim. If there are any secondary units responding to the claim, you should coordinate with them to avoid duplicate efforts.

Within 20 days of the date of this memorandum, your Claim Review shall be completed and a report forwarded to your Chief for approval. This approved report shall be forwarded to Risk Management Bureau. Your Claim Review report should include the following:

- All information obtained from the review of the claim, including a list of witnesses, any conflicting versions of the facts, and each source for information, as well as a description of the claim review performed.
- Any training, policies, or procedures related to the entire incident.
- Any perceived deficiencies in the above-identified training, policies, and procedures.
- Any corrective action taken as a result of the claim review, including counseling, training, or the initiation of an administrative or criminal investigation.
- Whether an administrative or criminal investigation is warranted for unrelated policy violations that were identified during the claim review.
- Whether any employees were involved employees or supporting employees.
- Whether the personnel involved were contract city items on contract city business.

**CIVIL CLAIM**          -2-          **February 12, 2019**
**MICHAEL HERRING**

A completed copy of both the Documentation/Materials Check-Off List and the Unit Commander Assessment shall be attached to this memorandum, as well as relevant supporting documentation.

In the event that this claim relates to an incident that has been the subject of a previous shooting review, force review, traffic collision investigation, administrative investigation, and/or Watch Commander's Service Comment Report, please coordinate your review with the unit level or IAB investigator who handled the previous review. Your review of the claim may be limited to additional or different information provided in the claim that was not known at the time of the previous review. All information from any *prior* review of the incident involved in the claim should be attached to your report.

**Please ensure that all documents, materials, or other evidence identified in the check-off list are preserved in a location where they can be readily retrieved.** This includes all memorandum, station tapes, or in-service sheets that in any way relate to the incident set forth in the claim. The failure to preserve this evidence could result in severe sanctions against the County in any lawsuit and could prevent the defense of the lawsuit.

**If this claim has been incorrectly forwarded to your unit or you know another unit will need to respond to a portion of this claim, notify Risk Management Bureau immediately.**

Copies of your recommendations and other supporting documents, including the attached documents, become the working documents for the Department and the County Counsel Office. These materials will be provided to the assigned county attorney if a lawsuit is subsequently filed.

If you have any questions or are unable to comply with the 20-day deadline, please contact Lieutenant Maxine D. Kallenberger of the Civil Litigation Unit at (323) 890-5400.

KLU:ddd

## Doering, Denise D.

| | |
|---|---|
| **From:** | Barbara Dolan <bdolan@counsel.lacounty.gov> |
| **Sent:** | Monday, February 11, 2019 1:14 PM |
| **To:** | Doering, Denise D. |
| **Subject:** | NOTICE OF NEW CLAIM BY MICHAEL HERRING RMIS19-1149540*001 |
| **Attachments:** | 19-385.pdf_2_8_2019_2_04_40_PM.pdf |



### PLEASE SEND ACKNOWLEDGEMENT OF RECEIPT OF THIS CLAIM

The above-referenced government claim was received by the Los Angeles County Board of Supervisors on, **February 5, 2019,** and appears to arise from activities generated by the: **SHERIFF'S DEPARTMENT.**

To assist us in our review, and in anticipation of litigation, please do the following:

(1)    Investigate the allegations contained in this claim and send us a brief report stating which of these allegations are true and which are false. Also, please include in this report your version of the event(s). **So that a potential defense based on an untimely filed claim is not waived, please advise within 25 calendar days whether the alleged date of loss is misrepresented in the claim**;

(2)    If this claim involves department policies, briefly state the policies and whether they were followed;

(3)    Determine if a Corrective Action Plan is necessary and report that determination to me and to the Risk Manager in the Chief Executive's Office on our behalf; **please implement any Corrective Action Plan you deem necessary;**

(4)    Identify and preserve all relevant reports, photos, statements, records, and/or other documents. Please do not send these items to us.

(5)    In anticipation of potential future litigation, identify all other possible entities to which the County may tender its defense. If so, identify any related contracts, agreements, and/or indemnity language that the County has with other identified entities.

(6)    Make a recommendation as to whether this claim should be denied or settled. If you are recommending settlement, please specify the dollar amount you would like for us to offer.

(7)    If this is an employment/labor-related claim, you are advised to comply with the reporting requirements of the County Policy of Equity pursuant to the guidelines established by the County Equity Oversight Program (CEOP). If available, you may forward the CEOP report with a recommendation as to whether this claim should be denied or settled. If you are recommending settlement, please specify the dollar amount you would like us to offer.

(8)    **Because any and all causes of action stated in this claim are subject to the new electronic discovery rules,** please identify all possible electronic databases where information pertaining to any and all possible violation(s) alleged in this claim may be stored, including but not limited to email and information stored on personal computers, data recorders, or other devices, **AND** ensure that this material is **NOT** destroyed as a result of any automatic destruction procedure your department may have in place. *This material should be preserved for two years from the date of the alleged incident or omission that gave rise to this claim or until our office notifies you that the claim or action has been resolved.*

Due to the time frame within which the law requires our office to respond to the claimant, **we would appreciate a response from your department within 25 calendar days** of the date of this letter.

1

Thank you,

Barbara Dolan, Senior Paralegal
Claims Investigations Unit, General Litigation Division
Office of the County Counsel
500 West Temple Street, Room 602
Los Angeles, CA 90012
Tel.# 213-974-1846
Fax# 213-687-8822

The following e-mail message (including any attachments) contains information that may be confidential, be protected by the attorney-client or other applicable privileges, or constitute non-public information and not to be disclosed to individuals or entities outside this litigation. It is intended to be conveyed only to the designated recipient (s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

19 - 3 8 5 - 

BANG OF SUPER AGO
17 OF LOS AN

# Mᴄᴍᴜʀʀᴀʏ
# Hᴇɴʀɪᴋs, LLP    2019 FEB -8  ᴧᴍ 8: 02
**Changing The World One Case At A Time**

FILED

February 5, 2019

***VIA CERTIFIED MAIL and E-MAIL***
7018 0680 0000 3404 1473
info@lacounty.gov

Executive Officer, Board of Supervisors
Attn: Claims Department
County of Los Angeles
500 West Temple Street
Kenneth Hahn Hall of Administration, Room 383
Los Angeles, CA 90012

      RE:   **Michael Herring**

      **CLAIM FOR DAMAGES PURSUANT TO CAL. GOV'T CODE § 910 *et seq.***

**A.**    **The Names and Addresses of Claimants are as Follows:**

      Michael Herring, c/o McMurray Henriks, LLP, 5670 Wilshire Blvd., Suite 1450, Los Angeles, CA 90036.

**B.**    **The Post Office Address to which the Persons Presenting the Claim Desire Notice to be Sent:**

      Randy H. McMurray, Esq., McMurray Henriks, LLP, 5670 Wilshire Blvd., Suite 1450, Los Angeles, CA 90036.

**C.**    **The Date, Place and Other Circumstances of the Occurrence or Transaction which Gave Rise to the Claim Asserted:**

      This Claim concerns the injury to Michael Herring, which occurred on October 7, 2018 at the Los Angeles County Sheriff's Men's Central Jail, located at 441 Bauchet Street, Los Angeles, California.

      On or about October 7, 2018, Michael Herring was an inmate at Men's Central Jail. A Deputy at the facility closed the cell door without warning, trapping Mr. Herring's fingers. Mr. Herring cried out in pain, and the guard briefly released the gate, only to slam it on Mr. Herring's fingers again before he could remove them, causing further injury.

---

5670 Wilshire Boulevard • Suite 1450 • Los Angeles, CA 90036
Telephone: 323.931.6200 • Facsimile: 323.931.9521 • www.Law-MH.com

Executive Officer, Board of Supervisors
Attn: Claims Department
RE:    **Michael Herring**
February 5, 2019
**2** | P a g e

## D.    Description of Claims:

As a result of the above alleged conduct, Michael Herring will bring causes of action
which include, but are not limited to, violation of civil rights (42 U.S.C Section 1983), violation
of civil rights (Cal. Civil Code Section 52.1, 51.7), assault and battery, intentional infliction of
emotional distress, negligence, negligent hiring, negligent training, negligent supervision and
negligent retention, among other claims.

## E.    General Description of the Indebtedness, Obligation, Injury, Damage or Loss, So Far as is Presently Known:

As a result of the above facts, Michael Herring has suffered injuries to his mind and body
including, but not limited to, injuries to fingers and hands, severe mental anguish, emotional
distress, worry, fear and anxiety, difficulty sleeping, tearfulness and anger. Furthermore, Mr.
Herring suffers from permanent physical and emotional wounds resulting from the horrific
incident described herein as a result of the improper and reckless acts of the Los Angeles County
Sherriff's Department and/or its employees, agents, servants and representatives.

## F.    The Name(s) of the Public Employee(s) Causing the Injury, Damage or Loss:

1. Los Angeles County Sherriff's Department;

2. Unknown officers, employees, and/or agents of the Los Angeles County Sherriff's
   Department;

3. County of Los Angeles, California; and

4. Unknown officers, employees, and/or agents of the County of Los Angeles.

## G.    The Amount Claimed:

In excess of $1,000,000.00 and within the unlimited jurisdiction of the Superior Court of
California.

MCMURRAY HENRIKS, LLP

By: _____
Randy H. McMurray, Esq., on behalf of Claimants
Michael Herring

CONFIDENTIAL

THIS MATERIAL IS SUBJECT TO the
ATTORNEY-CLIENT AND/OR THE
ATTORNEY WORK PRODUCT PRIVILEGE

M<sup></sup>CMURRAY
HENRIKS, LLP
*Changing The World One Case At A Time*

5670 Wilshire Boulevard
Suite 1450
Los Angeles, California 90036



**CERTIFIED MAIL**

7018 0680 0000 3404 1473



UNITED STATES POSTAGE

PITNEY BOWES

02 1P      $ 006.80⁰
0001908045  FEB 05 2019
MAILED FROM ZIP CODE 90036

19 - 3 8 5 - -

Executive Officer, Board of Supervisors
Attn: Claims Department
County of Los Angeles
500 West Temple Street
Kenneth Hahn Hall of Administration, Room 383
Los Angeles, CA 90012

90012-275699

## INMATE INFORMATION

Booking No.: **5436356**    Last Name: **HERRING**    First Name: **MICHAEL**    Middle Name:

Date Of Birth: **08/16/1968**    Age: **50**    Place Of Birth: **ILCHICAGO**

Sex: **M**    Race: **B**    Hair: **BLK**    Eyes: **BRO**    Height: **602**    Weight: **205**

| Arrest Information |
|---|
| Arrest Date: **09/30/2018**    Arrest Time: **1655** |
| Arrest Agency: **1943**    Agency Description: **LOS ANGELES AIRPORT PD** |
| Arrest Officer Id: **AIRP**    Officer Last Name: **MENDEZ** |
| Search Officer Id: **000000**    Officer Last Name: |
| Transporting Officer Id: **000000**    Officer Last Name: |

**Arrest Charge**

| Charge No. | Charge Description | Charge Level | Primary |
|---|---|---|---|
| 245(A)(1)PC | ADW NOT FIREARM W/GBI | F | Yes |

| Booking Information |
|---|
| Overall Charge Level: **M**    Id Level: **P** |
| Booking Date: **09/30/2018**    Booking Time: **1907** |
| Booking Location: **4214**    Location Description: **LAPD - PACIFIC** |
| Booking Officer Id: **V9412**    Officer Last Name: **HUA** |

**Bail Information**

Total Bail Amount: **0**    Total Hold Bail Amount: **0.00**    Grand Total Bail: **0.00**

**Case Detail**

| Case No. | Charge No. | Level | Court Name | Court Address | Court City | Bail Amt. | Fine Amt. | Court Date | Sent. Date | Sent. Day(s) | Disp Code |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8AR0180701 | 22810(G)1PC | M | LAX SUPERIOR COURT DEPT W90 | 11701 S. LA CIENEGA BLVD. | LOS ANGELESUPT | 0 | .00 | 10/17/2018 | 10/17/2018 | 90 | SENT |

| Next Court Information |
|---|
| Next Court Case: **8AR0180701**    Next Court Date: **10/17/2018**    Next Court Time: **0830** |
| Court Code: **W90**    Court Name: **LAX SUPERIOR COURT DEPT W90** |
| Court Address: **11701 S. LA CIENEGA BLVD.**    Court City: **LOS ANGELESUPT** |

| Parole/Probation Information |
|---|
| Parole:    Probation:    Prior Arrest: |
| State Parolee Flag:    Prior Offense:    Gang Id:    Homosexual: **N** |
| Classification Remark: **CII DB **EBI**** |

| Home Address |
|---|
| Address: **822 W 84TH STREET**    Apt No.: |

| City: **LOS ANGELES** | State: **CA** | Zip: **00000** |
|---|---|---|
| Phone No.: **0000000000** | | |
| Marital Status: | Number Of Dependent: **0** | Live with Whom: |
| Number Of Years At Current Address: **0** | Months: **0** | |
| Number Of Years in LA County: **0** | Months: **0** | |
| Number Of Years in California: **0** | Months: **0** | |

### Employer Information

| Employer Name: | Address Type: **2** | |
|---|---|---|
| Address: | Apt No.: | |
| City: | State: | Zip: **00000** |
| Phone No.: **0000000000** | Occupation: **LABORER** | |
| Number Of Years At This Employer: **0** | Months: **0** | |
| Employee At Time Of Arrest? | | |

### Housing Information

| Housing Location: | Module: | Row: | Cell: | Bunk: |
|---|---|---|---|---|
| Permanent Housing Assigned Date: **10/18/2018** | Assigned Time: **0615** | Visitor Status: **N** | | |
| Facility: | | | | |
| Address: | City: | | | |

### Previous Housing Location

| Facility | Module | Row | Cell | Disp Code | Start Date | Start Time | End Date | End Time |
|---|---|---|---|---|---|---|---|---|
| IRC | IRRA | | | | 10/18/2018 | 0615 | 10/18/2018 | 0805 |
| CJ | CJIR | | | | 10/18/2018 | 0556 | 10/18/2018 | 0615 |
| CJ | 3700 | C | 0019 | | 10/04/2018 | 1137 | 10/18/2018 | 0556 |
| CJ | 3700 | | | | 10/04/2018 | 1136 | 10/04/2018 | 1137 |
| IRC | IRCJ | | | | 10/04/2018 | 1109 | 10/04/2018 | 1136 |
| IRC | IRCL | | | | 10/04/2018 | 0859 | 10/04/2018 | 1109 |
| IRC | I231 | D | 19UD | | 10/03/2018 | 2359 | 10/04/2018 | 0859 |
| IRC | I231 | D | 013L | | 10/03/2018 | 1812 | 10/03/2018 | 2359 |
| IRC | I231 | | | | 10/03/2018 | 1753 | 10/03/2018 | 1812 |
| IRC | IRCC | | | | 10/02/2018 | 2116 | 10/03/2018 | 1753 |
| IRC | IRCA | | | | 10/02/2018 | 2017 | 10/02/2018 | 2116 |
| IRC | IRBF | | | | 10/02/2018 | 1937 | 10/02/2018 | 2017 |
| CSD | CRTT | | | | 10/02/2018 | 0830 | 10/02/2018 | 1937 |
| LAPD | 4214 | | | | 09/30/2018 | 1907 | 10/02/2018 | 0830 |

### Temporary Movement

| Date Out | Date In | From Facility | From Module | From Row | From Cell | To Facility | To Module | To Row | To Cell | Terminal Id |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/18/2018 0615 | 10/18/2018 0615 | CJ | CJIR | | | IRC | IRRA | | | TTKQ |
| 10/18/2018 0556 | 10/18/2018 0556 | CJ | 3700 | C | 0019 | CJ | CJIR | | | U89R |
| 10/18/2018 0312 | 10/18/2018 0547 | CJ | 3700 | C | 0019 | 25 | | | | TTWS |
| 10/17/2018 0300 | 10/18/2018 0141 | CJ | 3700 | C | 0019 | W90 | | | | |
| 10/16/2018 1433 | 10/16/2018 1526 | CJ | 3700 | C | 0019 | 52 | | | | C59C |
| 10/16/2018 1420 | 10/16/2018 1422 | CJ | 3700 | C | 0019 | 602 | | | | C238 |
| 10/16/2018 0827 | 10/16/2018 0828 | CJ | 3700 | C | 0019 | 23 | | | | |
| 10/16/2018 0642 | 10/16/2018 0827 | CJ | 3700 | C | 0019 | 28 | | | | C25S |
| 10/15/2018 2207 | 10/16/2018 0018 | CJ | 3700 | C | 0019 | 52 | | | | |
| 10/15/2018 1157 | 10/15/2018 2207 | CJ | 3700 | C | 0019 | 48 | | | | C22Z |
| 10/15/2018 0717 | 10/15/2018 0830 | CJ | 3700 | C | 0019 | 48 | | | | C22Z |
| 10/13/2018 1343 | 10/13/2018 2338 | CJ | 3700 | C | 0019 | 52 | | | | C59B |
| 10/12/2018 1440 | 10/13/2018 0053 | CJ | 3700 | C | 0019 | 52 | | | | U954 |
| 10/11/2018 1355 | 10/12/2018 0107 | CJ | 3700 | C | 0019 | 53 | | | | U76H |
| 10/11/2018 0743 | 10/11/2018 0744 | CJ | 3700 | C | 0019 | 135 | | | | |

ATTORNEY WORK PRODUCT PRIVILEGES

THIS MATERIAL IS SUBJECT TO THE ATTORNEY-CLIENT AND/OR THE

CONFIDENTIAL

| From | To | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/10/2018 2315 | 10/11/2018 0743 | CJ | 3700 | C | 0019 | 602 | | | | | C59C |
| 10/10/2018 1436 | 10/10/2018 2315 | CJ | 3700 | C | 0019 | 52 | | | | | C59C |
| 10/09/2018 2347 | 10/09/2018 2349 | CJ | 3700 | C | 0019 | 52 | | | | | N775 |
| 10/09/2018 0610 | 10/09/2018 2347 | CJ | 3700 | C | 0019 | 135 | | | | | N775 |
| 10/08/2018 1452 | 10/08/2018 2125 | CJ | 3700 | C | 0019 | 52 | | | | | C59C |
| 10/05/2018 0559 | 10/05/2018 2148 | CJ | 3700 | C | 0019 | 28 | | | | | U76V |
| 10/04/2018 1431 | 10/04/2018 2348 | CJ | 3700 | C | 0019 | 602 | | | | | C238 |
| 10/04/2018 1137 | 10/04/2018 1137 | CJ | 3700 | | | | CJ | 3700 | C | 0019 | C63F |
| 10/04/2018 1136 | 10/04/2018 1136 | IRC | IRCJ | | | | CJ | 3700 | | | |
| 10/04/2018 1109 | 10/04/2018 1109 | IRC | IRCL | | | | IRC | IRCJ | | | TT7A |
| 10/04/2018 0859 | 10/04/2018 0859 | IRC | I231 | D | 19UD | | IRC | IRCL | | | TTD5 |
| 10/04/2018 0435 | 10/04/2018 0743 | IRC | I231 | D | 19UD | 12A | | | | | T53N |
| 10/03/2018 2359 | 10/03/2018 2359 | IRC | I231 | D | 013L | | IRC | I231 | D | 19UD | T523 |
| 10/03/2018 1812 | 10/03/2018 1812 | IRC | I231 | | | | IRC | I231 | D | 013L | T521 |
| 10/03/2018 1753 | 10/03/2018 1753 | IRC | IRCC | | | | IRC | I231 | | | T523 |
| 10/03/2018 1232 | 10/03/2018 1744 | IRC | IRCC | | | 12B | | | | | N739 |
| 10/02/2018 2116 | 10/02/2018 2116 | IRC | IRCA | | | | IRC | IRCC | | | TT1G |
| 10/02/2018 2017 | 10/02/2018 2017 | IRC | IRBF | | | | IRC | IRCA | | | T509 |
| 10/02/2018 1937 | 10/02/2018 1937 | CSD | CRTT | | | | IRC | IRBF | | | TT5Z |
| 10/02/2018 0830 | 10/02/2018 0830 | LAPD | 4214 | | | | CSD | CRTT | | | LU6NP101 |

Temp Location     Court Location     Point to "To Facility" to display Temporary Location and Court Name

## Special Handling

| | | | | |
|---|---|---|---|---|
| KeepAway Code: | Highly Dangerous: | 288 Arrest: | Escape Risk: | Suicidal: |
| Homo: | Protective Custody: | Mental: | Survey: | Handcuff: |
| Spec1: | Spec2: | Spec3: | Spec4: | Spec5: |

IRC Comments:

## Release Information

Min Release Date: **11/06/2018**   Max Release Date: **12/02/2018**   Sentence Status: **3**

Actual Release Date: **10/18/2018**   Release Time: **0805**

Release Reason: **SHRT**   Reason Description: **SHORT SENTENCE - RELEASE FORTWITH**

Release Agency:   Agency Description:

## Identification

Driver License No.: **B3198919**   State Issued: **CA**

Social Security No.: **000000000**   Alien No.:

CII No.: **10989845**   Main No.: **4570200**   FBI No.: **839200PA6**   File No.:

## Aka

| Last Name | First Name | Middle Name | Suffix | Sex | Race | DOB | Age | Arrest Agency | Booking Date |
|---|---|---|---|---|---|---|---|---|---|
| HERRING | MICHAEL | | | M | B | 08/16/1968 | 50 | 1943 | 09/30/2018 |
| HERRING | MICHAEL | T | | M | B | 01/07/1974 | 50 | 1943 | 09/30/2018 |
| HERRING | MICHAEL | TERRENCE | | M | B | 01/07/1974 | 50 | 1943 | 09/30/2018 |

## Physical Oddities

None

THIS MATERIAL IS CONFIDENTIAL ATTORNEY WORK PRODUCT PRIVILEGES

Other Bookings linked by Cii No.

| Booking No. | Last Name | First Name | Middle Name | Sex | Race | Date Of Birth | Age |
|---|---|---|---|---|---|---|---|
| 5531017 | HERRING | MICHAEL | T | M | B | 08/16/1968 | 50 |
| 5481697 | HERRING | MICHAEL | | M | B | 08/16/1968 | 50 |
| 5042179 | HERRING | MICHAEL | T | M | B | 08/16/1968 | 48 |

CONFIDENTIAL
THIS MATERIAL IS SUBJECT TO THE
ATTORNEY-CLIENT AND/OR THE
ATTORNEY WORK PRODUCT PRIVILEGES



# McMURRAY
# HENRIKS, LLP
*Changing The World One Case At A Time*

November 23, 2018

***Via US Mail***
Records and ID Bureau/Discovery Unit
County of Los Angeles Sheriff's Department
211 W. Temple Street, First Floor
Los Angeles, CA 90012

## LETTER OF REPRESENTATION & EVIDENCE PRESERVATION DEMAND

| | |
|---|---|
| **Our Client:** | Michael Herring · |
| **Date of Incident:** | October 7, 2018 |
| **Involved Agencies:** | County of Los Angeles Sheriff's Department; and County of Los Angeles |
| **Nature of Incident:** | Battery; Excessive Force; Civil Rights Violations under 42 U.S.C. §1983 |

Dear Sir or Madam,

Please be advised that this firm represents Michael Herring in connection with the injuries suffered by Herring at the hands of a guard employed by County of Los Angeles Sheriff's Department on or about October 7, 2018, while Mr. Herring was incarcerated in Men's Central Jail. On said date, a guard closed the gate without warning, trapping Mr. Herring's fingers. Mr. Herring screamed out in pain, and the guard then released the gate, but closed it again on Mr. Herring's fingers before he could get them out, intentionally causing further injury to Mr. Herring.

You are advised not to attempt to contact our client directly regarding this incident. Please direct any and all communications to this firm.

We hereby demand you preserve any and all evidence referring to and/or relating to the aforementioned incident, including but not limited to all writings, reports, incident reports, investigative reports, evidence logs, use of force reports and evaluations, officer statements, witness statements, charts and diagrams, audio and visual recordings, officer and witness statements.

We further request that you voluntarily produce any and all evidence to our office within thirty (30) days of the date of this correspondence. We will bear the expense of such preservation and production upon reasonable notice and request.

---

5670 Wilshire Boulevard • Suite 1450 • Los Angeles, CA 90036
Telephone: 323.931.6200 • Facsimile: 323.931.9521 • www.Law-MH.com

# M̲CMURRAY
## H̲ENRIKS, LLP
*Changing The World One Case At A Time*

If you are represented by legal counsel, please forward a copy of this correspondence to him or her immediately. I thank you for your anticipated cooperation and look forward to hearing from you should you have any questions or wish to discuss this matter.

Sincerely,

**McMURRAY HENRIKS, LLP**

Cathy Gonzalez, Esq.

ATTORNEY WORK PRODUCT PRIVILEGES
THIS MATERIAL IS SUBJECT TO THE
ATTORNEY CLIENT AND/OR THE
CONFIDENTIAL

**Priority: 0 - DEFAULT**

**Claim Information**

| | | |
|---|---|---|
| **File:** 19-1149540*001 | **File Status:** Closed | **TPA/Adj. Party:** COUNTY COUNSEL |
| **Claimant:** HERRING, MICHAEL | **File Opened:** 2/8/2019 | **County Counsel Lead Attorney/Adjuster:** DOLAN, BARBARA |
| **Coverage:** GL | **File Closed:** 3/22/2019 | |
| **Loss Date:** 10/7/2018 | **File Re-opened:** | |

**Event Description:** CLAIMANT MICHAEL HERRING ALLEGES ON OR ABOUT 10/7/2018, A SHERIFF`S DEPUTY AT THE MEN`S CENTRAL JAIL CLOSED THE CELL DOOR TWICE ON HIS FINGERS WITHOUT ANY WARNING. CLAIMANT ALSO ALLEGES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. CLAIMANT FURTHER ALLEGES NEGLIGENT HIRING, TRAINING AND SUPERVISION OF THE DEPUTY. DAMAGE = $1M.

**Financial Information**

| | Indemnity | In-House Fees | In-House/TPA Expenses | In-House Sub-Total | Contract LF Fees | Contract LF Expenses | Contract LF Sub-Total | Grand Total |
|---|---|---|---|---|---|---|---|---|
| Budget | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Paid | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Outstanding | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Department:** 1. SHERIFF-NOC

**Fund Allocation:** SHERIFF DEPARTMENT GENERAL FUND

**Fund Allocation %:** 100%

**Projected Fiscal Payout:** 2018-2019

**Final Settlement Date:**

**Liability Percentage Range:** 0% - 24%

**Final Settlement Amount:** $0.00

| ⬆ | | | | | | | |
|---|---|---|---|---|---|---|---|
| **#** | **Entry Dt.** | **Type** | **Due Dt.** | **Diary To** | **Rev. Dt.** | **Author** |
| **1.** | 3/22/2019 | | | | | |
| | | STATUTORY DENIAL LETTER MAILED OUT. | | | | | |
| **2.** | 3/21/2019 | OK TO CLOSE FILE | 4/18/2019 | BDOLAN | 3/22/2019 | CEDWARDS |
| **3.** | 3/21/2019 | CLAIM_DENIAL | 3/25/2019 | BDOLAN | 3/21/2019 | BDOLAN |
| | | CE TO GENERATE DENIAL BY OPERATION OF LAW LETTER DATED 3/22/2019. DENIAL DATE IS THE SAME. | | | | | |
| **4.** | 3/21/2019 | FOR LETTER/MEMORANDUM SIGNATURE | 3/22/2019 | BDOLAN | 3/22/2019 | CEDWARDS |
| | | NO RESPONSE FROM LASD. DENIAL LETTER WITH ATTY LC FOR REVIEW AND SIGNATURE. | | | | | |
| **5.** | 3/20/2019 | RESPONSE DUE TO CLAIMANT | 3/20/2019 | BDOLAN | 3/20/2019 | BDOLAN |
| | | RESPONSE DUE TO CLAIMANT | | | | | |
| **6.** | 3/19/2019 | CORRES | | | | |
| | | REMINDER TO DEPT. ATTACHED ELECTRONICALLY TO FILE. | | | | | |
| **7.** | 3/19/2019 | CORRES | | | | |
| | | SENT REMINDER TO DEPT. THAT THEIR RESPONSE IS DUE AND THAT IF NO RESPONSE, CLAIM TO BE STATUTORILY DENIED ON FRIDAY, 3/22/2019. | | | | | |
| **8.** | 3/10/2019 | RESPONSE DUE FROM DEPARTMENT | 3/10/2019 | BDOLAN | 3/15/2019 | BDOLAN |
| | | RESPONSE DUE FROM DEPARTMENT | | | | | |
| **9.** | 3/5/2019 | RESPONSE DUE TO CLAIMANT | 3/15/2019 | BDOLAN | 3/21/2019 | BDOLAN |
| | | 45 DAYS = 3/22/2019 *(Fwd. from 3/22/2019)* | | | | | |
| **10.** | 3/5/2019 | DEPT RESPONSE DUE - INITIAL CLAIM ONLY | 3/15/2019 | BDOLAN | 3/8/2019 | BDOLAN |
| **11.** | 2/11/2019 | RESPONSE DUE TO CLAIMANT | 3/22/2019 | BDOLAN | | |
| | | 45 DAYS = 3/22/2019 *(Fwd. to 03/15/2019)* | | | | | |
| **12.** | 2/11/2019 | RESPONSE DUE TO CLAIMANT | 3/8/2019 | BDOLAN | 3/21/2019 | BDOLAN |
| | | 45 DAYS =3/22/2019 | | | | | |
| **13.** | 2/11/2019 | DEPT RESPONSE DUE - INITIAL CLAIM ONLY | 3/5/2019 | BDOLAN | 3/5/2019 | BDOLAN |
| | | RECEIVED NEW CLAIM TIMELY PRESENTED TO BOS ON 2/5/2019, PER POST MARK. CHECKED SYS FOR DUPS/RELATED CLAIMS: FOUND NONE. CLAIMANT MICHAEL HERRING ALLEGES ON OR ABOUT 10/7/2018, A SHERIFF`S DEPUTY AT THE MEN`S CENTRAL JAIL CLOSED THE CELL DOOR TWICE ON HIS FINGERS WITHOUT ANY WARNING. CLAIMANT ALSO ALLEGES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. CLAIMANT FURTHER ALLEGES NEGLIGENT HIRING, TRAINING AND SUPERVISION OF THE DEPUTY. DAMAGES = $1 MILLION. SENT ELECTRONIC COPY OF CLAIM TO LASD FOR INVESTIGATION. | | | | | |
| **14.** | 2/11/2019 | SEND REQUEST FOR RESPONSE TO DEPT | 2/16/2019 | BDOLAN | 2/11/2019 | BDOLAN |
| | | SEND REQUEST FOR RESPONSE TO DEPT | | | | | |
| **15.** | 2/11/2019 | NOTICE OF INSUFFICIENCY | 2/21/2019 | BDOLAN | 2/22/2019 | BDOLAN |
| | | 2/25/2019 =LAST DAY TO SEND NOI. | | | | | |
| **16.** | 2/8/2019 | CLAIM ADDED | 2/8/2019 | | | |
| | | CLAIM ADDED | | | | | |



COUNTY OF LOS ANGELES

OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

MARY C. WICKHAM
County Counsel

March 22, 2019

Randy H. McMurray, Esq.
McMURRAY HENRIKS, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, California 90036

> **Re:** **Claim Presented:** **February 5, 2019**
> **File Number:** **19-1149540*001**
> **Your Client:** **Michael Herring**

Dear Counselor:

Notice is hereby given that the claim that you presented to the
County of Los Angeles, Board of Supervisors on **February 5, 2019**, was rejected
by operation of law on **March 22, 2019**. No further action will be taken on this
matter.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date
this notice was personally delivered or deposited in the mail to file a court action
on this claim. See Government Code Section 945.6.

This time limitation applies only to causes of action for which
Government Code Sections 900 - 915.4 require you to present a claim. Other
causes of action, including those arising under federal law, may have different
time limitations.

Randy H. McMurray, Esq.
March 22, 2019
Page 2

     You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

                 Very truly yours,

                 MARY C. WICKHAM
                 County Counsel

                 By

                   LATASHA CORRY
                   Senior Associate County Counsel
                   General Litigation Division

LC:ce

1    **PROOF OF SERVICE**

2    **File No. 19-1149540*001**

3    STATE OF CALIFORNIA, County of Los Angeles:

4        Carolyn Edwards states:  I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648

5    Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

6        That on **March**       **2019**, I served the attached

7    **NOTICE OF DENIAL LETTER**

8        upon Interested Party(ies) by placing  ☒  the original  ☐  a true copy thereof enclosed in a

9    sealed envelope addressed  ☒  as follows  ☐  as stated on the attached service list:

10           Randy H. McMurray, Esq.
           McMURRAY HENRIKS, LLP

11           5670 Wilshire Boulevard, Suite 1450
           Los Angeles, California 90036

12
       ☒    **By United States mail.** I enclosed the documents in a sealed envelope or package

13           addressed to the persons at the addresses on the attached service list (specify one):

14       (1) ☐  deposited the sealed envelope with the United States Postal Service, with the
           postage fully prepaid.

15
       (2) ☒  placed the envelope for collection and mailing, following ordinary business

16           practices.  I am readily familiar with this business's practice for collecting and
           processing correspondence for mailing.  On the same day that correspondence is

17           placed for collection and mailing, it is deposited in the ordinary course of business
           with the United States Postal Service, in a sealed envelope with postage fully

18           prepaid.

19           I am a resident or employed in the county where the mailing occurred.  The
           envelope or package was placed in the mail at Los Angeles, California:

20
       I declare under penalty of perjury under the laws of the State of California that the

21    foregoing is true and correct.

22        Executed on **March**     **2019**, at Los Angeles, California.

23

24    _____
       Carolyn Edwards                        (SIGNATURE OF DECLARANT)

25    **(NAME OF DECLARANT)**

26

27

28

HOA.102498643.1

**Priority: 0 – DEFAULT**

┌─ **Claim Information** ─────────────────────────────────

| | | |
|---|---|---|
| **File:**<br>19-1149540*001 | **File Status:**<br>Open | **TPA/Adj. Party:**<br>COUNTY COUNSEL |
| **Claimant:**<br>HERRING, MICHAEL | **File Opened:**<br>2/8/2019 | **County Counsel Lead Attorney/Adjuster:**<br>DOLAN, BARBARA |
| **Coverage:**<br>GL | **File Closed:** | |
| **Loss Date:**<br>10/7/2018 | **File Re-opened:** | |

**Event Description:** CLAIMANT MICHAEL HERRING ALLEGES ON OR ABOUT 10/7/2018, A SHERIFF`S DEPUTY AT THE MEN`S CENTRAL JAIL CLOSED THE CELL DOOR TWICE ON HIS FINGERS WITHOUT ANY WARNING. CLAIMANT ALSO ALLEGES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. CLAIMANT FURTHER ALLEGES NEGLIGENT HIRING, TRAINING AND SUPERVISION OF THE DEPUTY. DAMAGE = $1M.

┌─ **Financial Information** ─────────────────────────────────

| | Indemnity | In-House Fees | In-House/TPA Expenses | In-House Sub-Total | Contract LF Fees | Contract LF Expenses | Contract LF Sub-Total | Grand Total |
|---|---|---|---|---|---|---|---|---|
| Budget | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Paid | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Outstanding | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Department:**     **Fund Allocation:**    **Fund Allocation %:**

1. SHERIFF-NOC    SHERIFF DEPARTMENT GENERAL FUND    100%

**Projected Fiscal Payout:** 2018-2019    **Liability Percentage Range:**

**Final Settlement Date:**    **Final Settlement Amount:** $0.00

| # | Entry Dt. | Type | Due Dt. | Diary To | Rev. Dt. | Author |
|---|-----------|------|---------|----------|----------|--------|
| 1. | 3/21/2019 | FOR LETTER/MEMORANDUM SIGNATURE | 3/22/2019 | BDOLAN | | |
| | | NO RESPONSE FROM LASD. DENIAL LETTER WITH ATTY LC FOR REVIEW AND SIGNATURE. | | | | |
| 2. | 3/21/2019 | CLAIM_DENIAL | 3/25/2019 | BDOLAN | 3/21/2019 | BDOLAN |
| | | CE TO GENERATE DENIAL BY OPERATION OF LAW LETTER DATED 3/22/2019. DENIAL DATE IS THE SAME. | | | | |
| 3. | 3/21/2019 | OK TO CLOSE FILE | 4/18/2019 | BDOLAN | | |
| 4. | 3/20/2019 | RESPONSE DUE TO CLAIMANT | 3/20/2019 | BDOLAN | 3/20/2019 | BDOLAN |
| | | RESPONSE DUE TO CLAIMANT | | | | |
| 5. | 3/19/2019 | CORRES | | | | |
| | | REMINDER TO DEPT. ATTACHED ELECTRONICALLY TO FILE. | | | | |
| 6. | 3/19/2019 | CORRES | | | | |
| | | SENT REMINDER TO DEPT. THAT THEIR RESPONSE IS DUE AND THAT IF NO RESPONSE, CLAIM TO BE STATUTORILY DENIED ON FRIDAY, 3/22/2019. | | | | |
| 7. | 3/10/2019 | RESPONSE DUE FROM DEPARTMENT | 3/10/2019 | BDOLAN | 3/15/2019 | BDOLAN |
| | | RESPONSE DUE FROM DEPARTMENT | | | | |
| 8. | 3/5/2019 | RESPONSE DUE TO CLAIMANT | 3/15/2019 | BDOLAN | 3/21/2019 | BDOLAN |
| | | 45 DAYS = 3/22/2019 *(Fwd. from 3/22/2019)* | | | | |
| 9. | 3/5/2019 | DEPT RESPONSE DUE - INITIAL CLAIM ONLY | 3/15/2019 | BDOLAN | 3/8/2019 | BDOLAN |
| 10. | 2/11/2019 | RESPONSE DUE TO CLAIMANT | 3/22/2019 | BDOLAN | | |
| | | 45 DAYS = 3/22/2019 *(Fwd. to 03/15/2019)* | | | | |
| 11. | 2/11/2019 | RESPONSE DUE TO CLAIMANT | 3/8/2019 | BDOLAN | 3/21/2019 | BDOLAN |
| | | 45 DAYS =3/22/2019 | | | | |
| 12. | 2/11/2019 | DEPT RESPONSE DUE - INITIAL CLAIM ONLY | 3/5/2019 | BDOLAN | 3/5/2019 | BDOLAN |
| | | RECEIVED NEW CLAIM TIMELY PRESENTED TO BOS ON 2/5/2019, PER POST MARK. CHECKED SYS FOR DUPS/RELATED CLAIMS: FOUND NONE. CLAIMANT MICHAEL HERRING ALLEGES ON OR ABOUT 10/7/2018, A SHERIFF`S DEPUTY AT THE MEN`S CENTRAL JAIL CLOSED THE CELL DOOR TWICE ON HIS FINGERS WITHOUT ANY WARNING. CLAIMANT ALSO ALLEGES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. CLAIMANT FURTHER ALLEGES NEGLIGENT HIRING, TRAINING AND SUPERVISION OF THE DEPUTY. DAMAGES = $1 MILLION. SENT ELECTRONIC COPY OF CLAIM TO LASD FOR INVESTIGATION. | | | | |
| 13. | 2/11/2019 | SEND REQUEST FOR RESPONSE TO DEPT | 2/16/2019 | BDOLAN | 2/11/2019 | BDOLAN |
| | | SEND REQUEST FOR RESPONSE TO DEPT | | | | |
| 14. | 2/11/2019 | NOTICE OF INSUFFICIENCY | 2/21/2019 | BDOLAN | 2/22/2019 | BDOLAN |
| | | 2/25/2019 =LAST DAY TO SEND NOI. | | | | |
| 15. | 2/8/2019 | CLAIM ADDED | 2/8/2019 | | | |
| | | CLAIM ADDED | | | | |

| NOTES/DIARY | | | | | | ←→⌘✕ |
|-------------|-----------|---------|-----|------|-----------|--------|
| **File #** | **File Type** | **Board #** | **Cov** | **Name** | **Loss Date** | **Status** |
| 19-1149540*001 | Z | 19-385 | GL | HERRING, MICHAEL | 10/7/2018 | OPEN |

**NOTE:**

CE TO GENERATE DENIAL BY OPERATION OF LAW LETTER DATED 3/22/2019. DENIAL DATE IS THE SAME.

**Priority: 0 - DEFAULT**

**┌ Claim Information ─────────────────────────────────────────────────────────**

| | | |
|---|---|---|
| **File:**<br>19-1149540*001 | **File Status:**<br>Open | **TPA/Adj. Party:**<br>COUNTY COUNSEL |
| **Claimant:**<br>HERRING, MICHAEL | **File Opened:**<br>2/8/2019 | **County Counsel Lead Attorney/Adjuster:**<br>DOLAN, BARBARA |
| **Coverage:**<br>GL | **File Closed:** | |
| **Loss Date:**<br>10/7/2018 | **File Re-opened:** | |

**Event Description:** CLAIMANT MICHAEL HERRING ALLEGES ON OR ABOUT 10/7/2018, A SHERIFF`S DEPUTY AT THE MEN`S CENTRAL JAIL CLOSED THE CELL DOOR TWICE ON HIS FINGERS WITHOUT ANY WARNING. CLAIMANT ALSO ALLEGES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. CLAIMANT FURTHER ALLEGES NEGLIGENT HIRING, TRAINING AND SUPERVISION OF THE DEPUTY. DAMAGE = $1M.

**┌ Financial Information ─────────────────────────────────────────────────────**

| | Indemnity | In-House Fees | In-House/TPA Expenses | In-House Sub-Total | Contract LF Fees | Contract LF Expenses | Contract LF Sub-Total | Grand Total |
|---|---|---|---|---|---|---|---|---|
| Budget | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Paid | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Outstanding | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| **Department:** | **Fund Allocation:** | **Fund Allocation %:** |
|---|---|---|
| 1. SHERIFF-NOC | SHERIFF DEPARTMENT GENERAL FUND | 100% |

| **Projected Fiscal Payout:** 2018-2019 | **Liability Percentage Range:** |
|---|---|
| **Final Settlement Date:** | **Final Settlement Amount:** $0.00 |

| ⊕ | | | | | | |
|---|---|---|---|---|---|---|
| # | Entry Dt. | Type | Due Dt. | Diary To | Rev. Dt. | Author |
| 1. | 3/21/2019 | CLAIM_DENIAL | 3/25/2019 | BDOLAN | | |
| | CE TO GENERATE DENIAL BY OPERATION OF LAW LETTER DATED 3/22/2019. DENIAL DATE IS THE SAME. | | | | | |
| 2. | 3/20/2019 | RESPONSE DUE TO CLAIMANT | 3/20/2019 | BDOLAN | 3/20/2019 | BDOLAN |
| | RESPONSE DUE TO CLAIMANT | | | | | |
| 3. | 3/19/2019 | CORRES | | | | |
| | REMINDER TO DEPT. ATTACHED ELECTRONICALLY TO FILE. | | | | | |
| 4. | 3/19/2019 | CORRES | | | | |
| | SENT REMINDER TO DEPT. THAT THEIR RESPONSE IS DUE AND THAT IF NO RESPONSE, CLAIM TO BE STATUTORILY DENIED ON FRIDAY, 3/22/2019. | | | | | |
| 5. | 3/10/2019 | RESPONSE DUE FROM DEPARTMENT | 3/10/2019 | BDOLAN | 3/15/2019 | BDOLAN |
| | RESPONSE DUE FROM DEPARTMENT | | | | | |
| 6. | 3/5/2019 | RESPONSE DUE TO CLAIMANT | 3/15/2019 | BDOLAN | | |
| | 45 DAYS = 3/22/2019 (Fwd. from 3/22/2019) | | | | | |
| 7. | 3/5/2019 | DEPT RESPONSE DUE - INITIAL CLAIM ONLY | 3/15/2019 | BDOLAN | 3/8/2019 | BDOLAN |
| 8. | 2/11/2019 | RESPONSE DUE TO CLAIMANT | 3/8/2019 | BDOLAN | | |
| | 45 DAYS =3/22/2019 | | | | | |
| 9. | 2/11/2019 | DEPT RESPONSE DUE - INITIAL CLAIM ONLY | 3/5/2019 | BDOLAN | 3/5/2019 | BDOLAN |
| | RECEIVED NEW CLAIM TIMELY PRESENTED TO BOS ON 2/5/2019, PER POST MARK. CHECKED SYS FOR DUPS/RELATED CLAIMS: FOUND NONE. CLAIMANT MICHAEL HERRING ALLEGES ON OR ABOUT 10/7/2018, A SHERIFF`S DEPUTY AT THE MEN`S CENTRAL JAIL CLOSED THE CELL DOOR TWICE ON HIS FINGERS WITHOUT ANY WARNING. CLAIMANT ALSO ALLEGES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. CLAIMANT FURTHER ALLEGES NEGLIGENT HIRING, TRAINING AND SUPERVISION OF THE DEPUTY. DAMAGES = $1 MILLION. SENT ELECTRONIC COPY OF CLAIM TO LASD FOR INVESTIGATION. | | | | | |
| 10. | 2/11/2019 | SEND REQUEST FOR RESPONSE TO DEPT | 2/16/2019 | BDOLAN | 2/11/2019 | BDOLAN |
| | SEND REQUEST FOR RESPONSE TO DEPT | | | | | |
| 11. | 2/11/2019 | RESPONSE DUE TO CLAIMANT | 3/22/2019 | BDOLAN | | |
| | 45 DAYS = 3/22/2019 (Fwd. to 03/15/2019) | | | | | |
| 12. | 2/11/2019 | NOTICE OF INSUFFICIENCY | 2/21/2019 | BDOLAN | 2/22/2019 | BDOLAN |
| | 2/25/2019 =LAST DAY TO SEND NOI. | | | | | |
| 13. | 2/8/2019 | CLAIM ADDED | 2/8/2019 | | | |
| | CLAIM ADDED | | | | | |

**Priority: 0 – DEFAULT**

**┌ Claim Information ─────────────────────────────────────**

| | | |
|---|---|---|
| **File:**<br>19-1149540*001 | **File Status:**<br>Open | **TPA/Adj. Party:**<br>COUNTY COUNSEL |
| **Claimant:**<br>HERRING, MICHAEL | **File Opened:**<br>2/8/2019 | **County Counsel Lead Attorney/Adjuster:**<br>DOLAN, BARBARA |
| **Coverage:**<br>GL | **File Closed:** | |
| **Loss Date:**<br>10/7/2018 | **File Re-opened:** | |

**Event Description:** CLAIMANT MICHAEL HERRING ALLEGES ON OR ABOUT 10/7/2018, A SHERIFF`S DEPUTY AT THE MEN`S CENTRAL JAIL CLOSED THE CELL DOOR TWICE ON HIS FINGERS WITHOUT ANY WARNING. CLAIMANT ALSO ALLEGES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. CLAIMANT FURTHER ALLEGES NEGLIGENT HIRING, TRAINING AND SUPERVISION OF THE DEPUTY. DAMAGE = $1M.

**┌ Financial Information ─────────────────────────────────────**

| | Indemnity | In-House Fees | In-House/TPA Expenses | In-House Sub-Total | Contract LF Fees | Contract LF Expenses | Contract LF Sub-Total | Grand Total |
|---|---|---|---|---|---|---|---|---|
| Budget | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Paid | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Outstanding | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Department:**          **Fund Allocation:**                    **Fund Allocation %:**

1. SHERIFF-NOC          SHERIFF DEPARTMENT GENERAL FUND          100%

**Projected Fiscal Payout:** 2018-2019          **Liability Percentage Range:**

**Final Settlement Date:**          **Final Settlement Amount:** $0.00

| # | Entry Dt. | Type | Due Dt. | Diary To | Rev. Dt. | Author |
|---|-----------|------|---------|----------|----------|--------|
| 1. | 3/19/2019 | CORRES | | | | |
| | SENT REMINDER TO DEPT. THAT THEIR RESPONSE IS DUE AND THAT IF NO RESPONSE, CLAIM TO BE STATUTORILY DENIED ON FRIDAY, 3/22/2019. | | | | | |
| 2. | 3/10/2019 | RESPONSE DUE FROM DEPARTMENT | 3/10/2019 | BDOLAN | 3/15/2019 | BDOLAN |
| | RESPONSE DUE FROM DEPARTMENT | | | | | |
| 3. | 3/5/2019 | DEPT RESPONSE DUE - INITIAL CLAIM ONLY | 3/15/2019 | BDOLAN | 3/8/2019 | BDOLAN |
| 4. | 3/5/2019 | RESPONSE DUE TO CLAIMANT | 3/15/2019 | BDOLAN | | |
| | 45 DAYS = 3/22/2019 *(Fwd. from 3/22/2019)* | | | | | |
| 5. | 2/11/2019 | NOTICE OF INSUFFICIENCY | 2/21/2019 | BDOLAN | 2/22/2019 | BDOLAN |
| | 2/25/2019 =LAST DAY TO SEND NOI. | | | | | |
| 6. | 2/11/2019 | RESPONSE DUE TO CLAIMANT | 3/8/2019 | BDOLAN | | |
| | 45 DAYS =3/22/2019 | | | | | |
| 7. | 2/11/2019 | DEPT RESPONSE DUE - INITIAL CLAIM ONLY | 3/5/2019 | BDOLAN | 3/5/2019 | BDOLAN |
| | RECEIVED NEW CLAIM TIMELY PRESENTED TO BOS ON 2/5/2019, PER POST MARK. CHECKED SYS FOR DUPS/RELATED CLAIMS: FOUND NONE. CLAIMANT MICHAEL HERRING ALLEGES ON OR ABOUT 10/7/2018, A SHERIFF`S DEPUTY AT THE MEN`S CENTRAL JAIL CLOSED THE CELL DOOR TWICE ON HIS FINGERS WITHOUT ANY WARNING. CLAIMANT ALSO ALLEGES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. CLAIMANT FURTHER ALLEGES NEGLIGENT HIRING, TRAINING AND SUPERVISION OF THE DEPUTY. DAMAGES = $1 MILLION. SENT ELECTRONIC COPY OF CLAIM TO LASD FOR INVESTIGATION. | | | | | |
| 8. | 2/11/2019 | SEND REQUEST FOR RESPONSE TO DEPT | 2/16/2019 | BDOLAN | 2/11/2019 | BDOLAN |
| | SEND REQUEST FOR RESPONSE TO DEPT | | | | | |
| 9. | 2/11/2019 | RESPONSE DUE TO CLAIMANT | 3/22/2019 | BDOLAN | | |
| | 45 DAYS = 3/22/2019 *(Fwd. to 03/15/2019)* | | | | | |
| 10. | 2/8/2019 | CLAIM ADDED | 2/8/2019 | | | |
| | CLAIM ADDED | | | | | |

## Barbara Dolan

| | |
|---|---|
| **From:** | Barbara Dolan |
| **Sent:** | Tuesday, March 19, 2019 2:31 PM |
| **To:** | Denise Doering |
| **Subject:** | REMINDER- RESPONSE DUE ON CLAIM BY MICHAEL HERRING RMIS 19-1149540*001 |

**FilingDate:** 3/19/2019 2:31:00 PM

The Claims Investigation Unit will issue a statutory denial on Friday, March 22, 2019, if no response from department received by that date.

*Barbara Dolan, Senior Paralegal*
Claims Investigations Unit, General Litigation Division
Office of the County Counsel
500 West Temple Street, Room 602
Los Angeles, CA 90012
Tel.# 213-974-1846
Fax# 213-687-8822

The e-mail message (including any attachments) contains information that may be confidential, be protected by the attorney-client or other applicable privileges, or constitute non-public information and not to be disclosed to individuals or entities outside this litigation. It is intended to be conveyed only to the designated recipient (s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Doering, Denise D. [mailto:dddoerin@lasd.org]
**Sent:** Monday, February 11, 2019 1:53 PM
**To:** Barbara Dolan
**Subject:** RE: NOTICE OF NEW CLAIM BY MICHAEL HERRING RMIS19-1149540*001

Hi Barbara,

Thank you.

Sincerely,

Denise D. Doering
Los Angeles County Sheriff's Department
Civil Litigation Unit
Claims/Lawsuits
4900 S. Eastern Avenue, Suite 102
Commerce, CA 90040
(323) 890-5374


*Los Angeles County*
**Sheriff's Department**

**From:** Barbara Dolan [mailto:bdolan@counsel.lacounty.gov]
**Sent:** Monday, February 11, 2019 1:14 PM
**To:** Doering, Denise D. <dddoerin@lasd.org>
**Subject:** NOTICE OF NEW CLAIM BY MICHAEL HERRING RMIS19-1149540*001

## PLEASE SEND ACKNOWLEDGEMENT OF RECEIPT OF THIS CLAIM

**Priority: 0 - DEFAULT**

**┌ Claim Information ─────**

| | | |
|---|---|---|
| **File:**<br>19-1149540*001 | **File Status:**<br>Open | **TPA/Adj. Party:**<br>COUNTY COUNSEL |
| **Claimant:**<br>HERRING, MICHAEL | **File Opened:**<br>2/8/2019 | **County Counsel Lead Attorney/Adjuster:**<br>DOLAN, BARBARA |
| **Coverage:**<br>GL | **File Closed:** | |
| **Loss Date:**<br>10/7/2018 | **File Re-opened:** | |

**Event Description:** CLAIMANT MICHAEL HERRING ALLEGES ON OR ABOUT 10/7/2018, A SHERIFF`S DEPUTY AT THE MEN`S CENTRAL JAIL CLOSED THE CELL DOOR TWICE ON HIS FINGERS WITHOUT ANY WARNING. CLAIMANT ALSO ALLEGES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. CLAIMANT FURTHER ALLEGES NEGLIGENT HIRING, TRAINING AND SUPERVISION OF THE DEPUTY. DAMAGE = $1M.

**┌ Financial Information ─────**

| | Indemnity | In-House Fees | In-House/TPA Expenses | In-House Sub-Total | Contract LF Fees | Contract LF Expenses | Contract LF Sub-Total | Grand Total |
|---|---|---|---|---|---|---|---|---|
| Budget | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Paid | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Outstanding | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Department:**      **Fund Allocation:**      **Fund Allocation %:**

1. SHERIFF-NOC      SHERIFF DEPARTMENT GENERAL FUND      100%

**Projected Fiscal Payout:** 2018-2019      **Liability Percentage Range:**

**Final Settlement Date:**      **Final Settlement Amount:** $0.00

**┌ Notes/Diaries Information ─────**

⊡

| # | Entry Dt. | Type | Due Dt. | Diary To | Rev. Dt. | Author |
|---|---|---|---|---|---|---|
| **1.** | 2/11/2019 | DEPT RESPONSE DUE - INITIAL CLAIM ONLY | 3/5/2019 | BDOLAN | | |

RECEIVED NEW CLAIM TIMELY PRESENTED TO BOS ON 2/5/2019, PER POST MARK. CHECKED SYS FOR DUPS/RELATED CLAIMS: FOUND NONE. CLAIMANT MICHAEL HERRING ALLEGES ON OR ABOUT 10/7/2018, A SHERIFF`S DEPUTY AT THE MEN`S CENTRAL JAIL CLOSED THE CELL DOOR TWICE ON HIS FINGERS WITHOUT ANY WARNING. CLAIMANT ALSO ALLEGES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. CLAIMANT FURTHER ALLEGES NEGLIGENT HIRING, TRAINING AND SUPERVISION OF THE DEPUTY. DAMAGES = $1 MILLION. SENT ELECTRONIC COPY OF CLAIM TO LASD FOR INVESTIGATION.

| | | | | | | |
|---|---|---|---|---|---|---|
| **2.** | 2/11/2019 | SEND REQUEST FOR RESPONSE TO DEPT | 2/16/2019 | BDOLAN | 2/11/2019 | BDOLAN |

SEND REQUEST FOR RESPONSE TO DEPT

| | | | | | | |
|---|---|---|---|---|---|---|
| **3.** | 2/11/2019 | NOTICE OF INSUFFICIENCY | 2/21/2019 | BDOLAN | | |

2/25/2019 =LAST DAY TO SEND NOI.

| | | | | | | |
|---|---|---|---|---|---|---|
| **4.** | 2/11/2019 | RESPONSE DUE TO CLAIMANT | 3/8/2019 | BDOLAN | | |

45 DAYS =3/22/2019

| | | | | | | |
|---|---|---|---|---|---|---|
| **5.** | 2/11/2019 | RESPONSE DUE TO CLAIMANT | 3/22/2019 | BDOLAN | | |

45 DAYS = 3/22/2019

| | | | | | | |
|---|---|---|---|---|---|---|
| **6.** | 2/8/2019 | CLAIM ADDED | 2/8/2019 | | | |

CLAIM ADDED

**Barbara Dolan**

| | |
|---|---|
| **From:** | Barbara Dolan |
| **Sent:** | Monday, February 11, 2019 1:14 PM |
| **To:** | 'dddoerin@lasd.org' |
| **Subject:** | NOTICE OF NEW CLAIM BY MICHAEL HERRING RMIS19-1149540*001 |
| **Attachments:** | 19-385.pdf_2_8_2019_2_04_40_PM.pdf |

## PLEASE SEND ACKNOWLEDGEMENT OF RECEIPT OF THIS CLAIM

The above-referenced government claim was received by the Los Angeles County Board of Supervisors on, **February 5, 2019,** and appears to arise from activities generated by the: **SHERIFF'S DEPARTMENT.**

To assist us in our review, and in anticipation of litigation, please do the following:

(1)     Investigate the allegations contained in this claim and send us a brief report stating which of these allegations are true and which are false. Also, please include in this report your version of the event(s). **So that a potential defense based on an untimely filed claim is not waived, please advise within 25 calendar days whether the alleged date of loss is misrepresented in the claim**;

(2)     If this claim involves department policies, briefly state the policies and whether they were followed;

(3)     Determine if a Corrective Action Plan is necessary and report that determination to me and to the Risk Manager in the Chief Executive's Office on our behalf; **please implement any Corrective Action Plan you deem necessary;**

(4)     Identify and preserve all relevant reports, photos, statements, records, and/or other documents. Please do not send these items to us.

(5)     In anticipation of potential future litigation, identify all other possible entities to which the County may tender its defense. If so, identify any related contracts, agreements, and/or indemnity language that the County has with other identified entities.

(6)     Make a recommendation as to whether this claim should be denied or settled. If you are recommending settlement, please specify the dollar amount you would like for us to offer.

(7)     If this is an employment/labor-related claim, you are advised to comply with the reporting requirements of the County Policy of Equity pursuant to the guidelines established by the County Equity Oversight Program (CEOP). If available, you may forward the CEOP report with a recommendation as to whether this claim should be denied or settled. If you are recommending settlement, please specify the dollar amount you would like for us to offer.

(8)     **Because any and all causes of action stated in this claim are subject to the new electronic discovery rules,** please identify all possible electronic databases where information pertaining to any and all possible violation(s) alleged in this claim may be stored, including but not limited to email and information stored on personal computers, data recorders, or other devices, **AND** ensure that this material is **NOT** destroyed as a result of any automatic destruction procedure your department may have in place. *This material should be preserved for two years from the date of the alleged incident or omission that gave rise to this claim or until our office notifies you that the claim or action has been resolved.*

Due to the time frame within which the law requires our office to respond to the claimant, **we would appreciate a response from your department within 25 calendar days** of the date of this letter.

Thank you,

Barbara Olson, Senior Paralegal
Claims Investigations Unit, General Litigation Division
Office of the County Counsel
500 West Temple Street, Room 602
Los Angeles, CA  90012
Tel.# 213-974-1846
Fax# 213-687-8822

The following e-mail message (including any attachments) contains information that may be confidential, be protected by the attorney-client or other applicable privileges, or constitute non-public information and not to be disclosed to individuals or entities outside this litigation. It is intended to be conveyed only to the designated recipient (s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

19-385-

# McMURRAY HENRIKS, LLP

*Changing The World One Case At A Time*

February 5, 2019

**VIA CERTIFIED MAIL and E-MAIL**

7018 0680 0000 3404 1473
info@lacounty.gov

Executive Officer, Board of Supervisors
Attn: Claims Department
County of Los Angeles
500 West Temple Street
Kenneth Hahn Hall of Administration, Room 383
Los Angeles, CA 90012

RE: **Michael Herring**

## CLAIM FOR DAMAGES PURSUANT TO CAL. GOV'T CODE § 910 *et seq.*

### A. The Names and Addresses of Claimants are as Follows:

Michael Herring, c/o McMurray Henriks, LLP, 5670 Wilshire Blvd., Suite 1450, Los Angeles, CA 90036.

### B. The Post Office Address to which the Persons Presenting the Claim Desire Notice to be Sent:

Randy H. McMurray, Esq., McMurray Henriks, LLP, 5670 Wilshire Blvd., Suite 1450, Los Angeles, CA 90036.

### C. The Date, Place and Other Circumstances of the Occurrence or Transaction which Gave Rise to the Claim Asserted:

This Claim concerns the injury to Michael Herring, which occurred on October 7, 2018 at the Los Angeles County Sheriff's Men's Central Jail, located at 441 Bauchet Street, Los Angeles, California.

On or about October 7, 2018, Michael Herring was an inmate at Men's Central Jail. A Deputy at the facility closed the cell door without warning, trapping Mr. Herring's fingers. Mr. Herring cried out in pain, and the guard briefly released the gate, only to slam it on Mr. Herring's fingers again before he could remove them, causing further injury.

---

5670 Wilshire Boulevard • Suite 1450 • Los Angeles, CA 90036
Telephone: 323.931.6200 • Facsimile: 323.931.9521 • www.Law-MH.com

Executive Officer, Board of Supervisors
Attn: Claims Department
RE:   **Michael Herring**
February 5, 2019
**2 |** P a g e

## D.    Description of Claims:

As a result of the above alleged conduct, Michael Herring will bring causes of action
which include, but are not limited to, violation of civil rights (42 U.S.C Section 1983), violation
of civil rights (Cal. Civil Code Section 52.1, 51.7), assault and battery, intentional infliction of
emotional distress, negligence, negligent hiring, negligent training, negligent supervision and
negligent retention, among other claims.

## E.    General Description of the Indebtedness, Obligation, Injury, Damage or Loss, So Far as is Presently Known:

As a result of the above facts, Michael Herring has suffered injuries to his mind and body
including, but not limited to, injuries to fingers and hands, severe mental anguish, emotional
distress, worry, fear and anxiety, difficulty sleeping, tearfulness and anger. Furthermore, Mr.
Herring suffers from permanent physical and emotional wounds resulting from the horrific
incident described herein as a result of the improper and reckless acts of the Los Angeles County
Sherriff's Department and/or its employees, agents, servants and representatives.

## F.    The Name(s) of the Public Employee(s) Causing the Injury, Damage or Loss:

1. Los Angeles County Sherriff's Department;

2. Unknown officers, employees, and/or agents of the Los Angeles County Sherriff's Department;

3. County of Los Angeles, California; and

4. Unknown officers, employees, and/or agents of the County of Los Angeles.

## G.    The Amount Claimed:

In excess of $1,000,000.00 and within the unlimited jurisdiction of the Superior Court of
California.

**MCMURRAY HENRIKS, LLP**

By: _____

Randy H. McMurray, Esq., on behalf of Claimants
Michael Herring

# M<small>C</small>MURRAY
### HENRIKS, LLP
*Changing The World One Case At A Time*

5670 Wilshire Boulevard
Suite 1450
Los Angeles, California 90036



**CERTIFIED MAIL®**

7018 0680 0000 3404 1473



$ 006.80⁰
0001908045  FEB 05 2019
MAILED FROM ZIP CODE 90036

19-385--

Executive Officer, Board of Supervisors
Attn: Claims Department
County of Los Angeles
500 West Temple Street
Kenneth Hahn Hall of Administration, Room 383
Los Angeles, CA 90012

90012-275699